385 So.2d 391 (1980)
Julianna COURTNEY, Individually and as Administratrix of the Estate of Shane Abel Courtney
v.
BASF WYANDOTTE CORPORATION et al.
No. 13341.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*392 Walton J. Barnes, III, Zachary, for plaintiff-appellant Julianna Courtney, Ind., Etc.
Edward W. Gray, Baton Rouge, for defendant-appellee BASF Wyandotte Corp.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff-appellant, Julianna Courtney, filed suit on behalf of herself and her minor child, Shane Abel Courtney, against BASF Wyandotte Corporation, National Maintenance Corporation, Barnard and Burk, Inc., and Hartford Life and Accident Insurance Company.[1] She sought $3,000,000 in damages for the death of her husband, John Edward Courtney, who was electrocuted while working for BASF Wyandotte.
BASF Wyandotte and Hartford filed a peremptory exception of no cause and/or right of action on the ground that, since John Courtney had been an employee of BASF, plaintiff's exclusive remedy was Workmen's Compensation. The exception of no cause of action was sustained in favor of BASF and Hartford, and, following plaintiff's failure to amend her original petition within fifteen days so as to state a cause of action against the exceptors, suit as to them was dismissed with prejudice. Plaintiff's rights against all other defendants were expressly reserved. From the judgment dismissing her suit as to BASF Wyandotte and Hartford, plaintiff appeals. We affirm.
The facts surrounding John Courtney's death are undisputed. He was found lying against a chlorine cell containing 198 volts at 45,000 amps. Evidently, while engaged in the normal course and scope of his employment (taking meter readings), Courtney walked on a steel grating near the chlorine cell, stepped in a 4½" × 16½" hole in the grating, fell against the cell, which had no safety devices or guard, and was electrocuted.
On appeal, Mrs. Courtney argues that the Louisiana Workmen's Compensation Law, LSA-R.S. 23:1021 et seq., does not preclude an employee's suit in tort against his employer where the duty owed and breached is outside the employment relation. We agree with this contention, but it has no applicability in the present case since we find that John Courtney was killed in the scope of his employment.
The exclusivity of Workmen's Compensation as a remedy for employees is established by LSA-R.S. 23:1032.
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, *393 director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
LSA-R.S. 23:1031 provides in part:
"If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts ... hereinafter designated."
Clearly, the only statutory exception to Workmen's Compensation as a remedy is for intentional torts.
Appellant's petition, paragraph 13, avers that "The conduct herein alleged against BASF Wyandotte is of such a nature that same is wilful and as such should be classified as intentional."
A merely cursory examination of the record shows that BASF's failure to place a guard on the chlorine cell does not even begin to demonstrate the standard of proof necessary to prove an intentional tort: 1) that the defendant must have entertained a desire to bring about the result which followed and 2) that the defendant should have believed that the result was substantially certain to follow. Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1st Cir. 1978), writ denied 362 So.2d 578 (1978); Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir. 1975).
Appellant further urges that the negligent failure to repair a known hazard is the breach of a duty owed outside the employment relation and that the legislature did not intend Workmen's Compensation to be the sole remedy in such a case. We disagree.
The textual wording of LSA-R.S. 23:1032 makes manifest the legislative intent:
"The rights and remedies herein granted... shall be exclusive of all other rights and remedies of such employee... against his employer[.]"
Jurisprudential support for the exclusivity of Workmen's Compensation has been unwavering. Recent cases include Waggoner v. Kellogg-Moore Oil Company, Inc., 375 So.2d 197 (La.App. 2nd Cir. 1979); Flynn v. Devore, 373 So.2d 580 (La.App. 3rd Cir. 1979); Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3rd Cir. 1979); Gothreaux v. Gulf Oxygen Company, Inc., 289 So.2d 235 (La.App. 3rd Cir. 1974).
In the case of Atchison v. Archer-Daniels-Midland Company, 360 So.2d 599 (La.App. 4th Cir. 1978), writ denied 362 So.2d 1389 (1978), it was held that an employer who manufactured a product and used it in its own workplace could not be sued in tort on a products liability basis when the product injured an employee and that the employee must seek Workmen's Compensation as his sole remedy.
Appellant cites Douglas v. E. & J. Gallo Winery, 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (Cal.App.1977), and Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8 (1952), for the proposition that an employer may have more than one relation to his employee and that the employer may be sued in tort provided the relation is other than employer-employee.
*394 While California courts may freely choose to erode the employer's immunity from tort suits and to provide plaintiff employees with additional grounds for recovery, Louisiana courts, particularly in light of our legislative history, may freely choose not to follow.
When the legislature amended LSA-R.S. 23:1032 by passing Act 147 of 1976, it was to legislatively overrule Canter v. Koehring Company, 283 So.2d 716 (1973), which had allowed executive officer suits as an additional remedy to employees. Atchison v. Archer-Daniels-Midland Company, supra, eliminated products liability suits as a vehicle for employees to avoid the limitations of Workmen's Compensation.
The principle behind Workmen's Compensation
"is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation. It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies."
Malone, Louisiana Workmen's Compensation, Sec. 361 (1951). (footnote omitted).
In choosing not to erode this principle, we hold that the conditions of an employer's workplace, so long as they do not rise to the level of an intentional tort, are part of the employee's course of employment. As such, an injured employee's sole remedy is Workmen's Compensation.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Julianna Courtney.
AFFIRMED.
NOTES
[1] Plaintiff's original petition erroneously named Hartford Life and Accident Insurance Company as a defendant. The petition was answered and suit was defended by Hartford Accident and Indemnity Company.