387 So.2d 674 (1980)
Edward McGUIRE, Jr., Plaintiff-Appellee,
v.
Katherine D. HONEYCUTT; James A. Welch; and The Military Department, State of Louisiana, Defendants-Appellants.
No. 7704.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1980.
Rehearing Denied September 19, 1980.
*675 Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendants-appellants.
Christopher J. Roy, Gravel, Robertson & Brady, Thomas K. Bracato, Alexandria, for plaintiff-appellee.
Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
This is a tort suit. Edward McGuire seeks to recover damages for personal injuries sustained in a collision between two automobiles. Named as defendants were Katherine D. Honeycutt,[1] James A. Welch, the Military Department, State of Louisiana, and Travelers Insurance Company, the insurer of the Military Department. Following a jury trial on the merits, the trial judge granted a directed verdict in favor of plaintiff against the defendants on the issue of liability. The issue of quantum of damages (special and general) was submitted to *676 the jury which rendered a verdict in favor of the plaintiff for $35,000.00. Judgment was then rendered in favor of plaintiff and against defendants in the sum of $35,000.00. Defendants Welch and the Military Department have appealed.[2] The plaintiff has answered the appeal asking for an increase in the award for damages.
This is a companion case to Honeycutt v. Travelers Insurance Company, 387 So.2d 680 (La.App. 3rd Cir. 1980), Docket Number 7705, in which a separate opinion is being rendered this date.
The record reveals the following undisputed facts: James A. Welch was employed by the Military Department of the State of Louisiana at Camp Beauregard near Pineville, Louisiana. Camp Beauregard also contains a penal institution operated by the Department of Corrections of the State of Louisiana. On the evening of November 8, 1978, Welch received a call requesting that he transport a sick inmate of the Department of Corrections facility to the Huey P. Long Memorial Hospital. The inmate was placed in a station wagon which was equipped with flashing lights and belonged to the Military Department. The inmate was accompanied by the plaintiff (McGuire), who was employed by the Department of Corrections, and another employee of the Department of Corrections.
Welch drove the station wagon with flashing lights in excess of the posted speed limit. It was dark and raining. As Welch, driving southerly on Main Street in Pineville, approached the intersection of Shamrock Street and Main, the traffic light turned red. Welch attempted to ascertain whether any traffic was approaching the intersection on Shamrock, but his view was obstructed. Welch, however, seeing no lights of approaching cars, proceeded into the intersection whereupon the station wagon was struck by a vehicle driven by Katherine D. Honeycutt who was proceeding westerly on Shamrock and who had entered the intersection on a green light. McGuire, a passenger in the vehicle driven by Welch, was seriously injured.
It was conceded at trial and on appeal by all parties that Mrs. Honeycutt was free of negligence. Further, it is not disputed that Welch was at fault in causing the accident.
McGuire brought suit in tort against the defendants for his personal injuries. Defendants denied liability in tort contending that LSA-R.S. 23:1032 provided that plaintiff's exclusive remedy was workmen's compensation.
Following the close of the testimony and evidence several exceptions and motions were considered by the trial judge.
In oral reasons for judgment, the trial judge overruled a peremptory exception of no cause of action and denied the motion for a directed verdict filed by defendants. He stated that he so ruled for the reasons that plaintiff and Welch were employed by different departments of the State; that Welch's act of running the red light was "intentional," and that Welch was also not acting in the normal course and scope of his employment at the time of the accident. He thus concluded that this tort action was not barred by LSA-R.S. 23:1032.
The issues on appeal center around the provisions of LSA-R.S. 23:1032, a part of the workmen's compensation law. This statute provides, in part, as follows:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any *677 work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; . . ." (Emphasis added.)
The above statute had the effect of abolishing "executive officer" suits except (1) in those cases where the act causing the injuries was an "intentional act," or (2) the "officer, director, stockholder, partner or employee. . . [was] not engaged at the time of the injury in the normal course and scope of his employment."
We must decide whether McGuire can maintain this suit for damages against the Military Department and/or Welch under the provisions of LSA-R.S. 23:1032. To accomplish this we must determine:
(1) Whether Welch and McGuire are considered employees of separate departments of the State or whether they are actually both employees of the State of Louisiana;
(2) If we conclude that they are both employees of the State of Louisiana, we must next determine whether McGuire's injuries resulted from an "intentional act" of Welch; and
(3) If we determine that Welch's act was not intentional, then we must decide whether Welch was acting in the "normal course and scope of his employment" at the time of the accident and injury.

I.
It is undisputed that Welch and McGuire were performing duties for two different departments of the State at the time of the accident. The question then arises as to whether they are to be considered as employees of the departments or employees of the State for the purpose of workmen's compensation.
This question was recently considered in the case of Wright v. Moore, 380 So.2d 172 (La.App. 1st Cir. 1979), writ den., 382 So.2d 164 (La.1980). The court, in Wright, was faced with the issue of whether a state employee in one department may bring suit against the State in tort for injuries caused by the negligence of an employee of another department of the State. The court held that the injured employee's exclusive remedy was workmen's compensation under LSA-R.S. 23:1032. In reaching this conclusion, the court stated as follows:
"The State of Louisiana, as a governmental unit, is charged with promoting the health, safety, education, and welfare of the people. Preamble, La.Const.1974. To carry out this public mandate, many persons are employed in various capacities by different executive departments and agencies. The function of promoting traffic safety (maintaining a traffic signal) and the function of promoting health (providing nurses) are separate and different. However, each function involves an obligation owed by the State which is related to that flowing from the other. The obligation in each instance is to provide an essential state service. The status of the persona exercising the separate functions and discharging the obligations does not change.
"We cannot find in this instance that the State of Louisiana occupies a dual capacity, that of employer and tortfeasor. Whether maintaining the traffic signal alleged by the plaintiff to have played a causative role in the accident, or whether providing nurses for health care, the status of the State in this lawsuit is that of employer only."
*678 Furthermore, LSA-R.S. 23:1034 provides that the provisions of Chapter 10 of Title 23 (Workmen's Compensation) applies to all persons employed by the State and that the provisions of that Chapter "shall be exclusive, compulsory and obligatory; . . ."
We agree with the reasoning in Wright and apply it to this case. In this instance, Welch and McGuire were performing duties to promote health, safety and welfare for the people of the State when the accident occurred. We, therefore, hold that James A. Welch and Edward McGuire, Jr., were both employees of the State of Louisiana at the time of the accident.
Thus, we conclude that McGuire is barred from bringing suit against the Military Department, State of Louisiana and Welch, its employee, since the Military Department is indistinguishable from the State of Louisiana for purposes of workmen's compensation unless one of the exceptions to immunity as provided in LSA-R.S. 23:1032 is applicable.

II.
We now turn to whether McGuire can maintain his suit in tort under the "intentional act" exception to immunity provided in LSA-R.S. 23:1032.
The trial court, in its comments on the motions for directed verdict, expressed the opinion that Welch's failure to slow down at the intersection of Main and Shamrock was in complete derogation of the rights and safety of others. He concluded that the act of failing to stop was intentional and that Welch could reasonably believe that his violation of the traffic laws would result in injuries.
Plaintiff argues on appeal that his motion for directed verdict was properly granted because the act of Welch in failing to stop was intentional and therefore Welch and the Military Department are liable in tort as an exception to the tort immunity provided by LSA-R.S. 23:1032. Plaintiff contends that any act done intentionally, regardless of whether the actor intended the result or should have believed that the result was substantially certain to follow, which results in an injury, allows a suit to be brought against the employer and employee in tort.
Defendants, however, argue that "intentional act" as used in that portion of R.S. 23:1032 regarding the civil liability of employees means "intentional tort." Defendants further argue that, for there to be an intentional tort, the tortfeasor must have intended to cause the result and that he should have believed that the result was substantially certain to follow. Defendants contend that nothing in the record shows any such intent.
In the recent case of Guidry v. Aetna Cas. & Surety Co., 359 So.2d 637 (La. App. 1st Cir. 1978), writ den., 362 So.2d 978 (La.1978), the court was faced with the issue of what elements are necessary to constitute an intentional act under LSA-R.S. 23:1032. In Guidry, plaintiff's minor lost the sight in his left eye as a result of an accident which occurred during the course and scope of his employment. The employer placed an open knife outwards on a shelf at eye-level near the plaintiff's son. The son turned and was cut in the eye by the knife, causing the loss of the eye. Suit was brought in tort. In affirming the trial court judgment sustaining the employer's exception of no cause of action under the exclusive remedy doctrine of LSA-R.S. 23:1032, the court held as follows with regard to the elements necessary to constitute an intentional act under LSA-R.S. 23:1032:

"To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow. See Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir. 1975); Prosser, Law of Torts, (West 1971) pp. 31-32."

See also, Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979).
We agree with the definition of "intentional act" as set forth in Guidry. We find that the record does not establish an intentional act within this definition. The *679 evidence fails to establish that welch, in attempting to rush a sick inmate to the hospital, desired to bring about the result which followed, nor that Welch should have believed that the result was substantially certain to follow.[3] Therefore, neither Welch nor the Military Department can be sued in tort under the "intentional act" exception as set forth in LSA-R.S. 23:1032.
Plaintiff cites the case of Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980), in support of his position on this issue. We have carefully reviewed Bazley. Insofar as it may conflict with the holding herein, we respectfully disagree with Bazley.

III.
Since we have determined that the "intentional act" exception does not apply, we must now determine whether Welch was acting outside the normal course and scope of his employment. If so, Welch would have no immunity to suit in tort by McGuire.[4]
Welch testified that transporting inmates from the Camp Beauregard correction facility for emergency treatment when requested was part of his duties at Camp Beauregard. He did say that he was not trained to administer first aid and that administering first aid was not a normal part of his duties.
The trial judge found that Welch was acting outside of his normal course and scope of employment since he normally was engaged in patrolling Camp Beauregard's military base. The trial court concluded that the tort action was not therefore barred against the defendants.
Plaintiff argues that by using the adjective "normal" to modify the term "course and scope of employment" the Legislature limited the ambit of immunity from tort liability provided in LSA-R.S. 23:1032. He argues that since the trial judge found that the acts performed by Welch leading to the accident were not regularly performed by Welch in the course of his employment Welch is not immune from tort liability for harm resulting from those acts.
We disagree. The purpose of Act 147 of 1976 amending LSA-R.S. 23:1032 was to extend tort immunity not only to the employer but also to any principal, officer, director, stockholder, partner or employee of an employer. The act closed the loophole which allowed "executive officer" suits by eliminating the right to tort recovery in cases where the Compensation Act is applicable. If we adopt plaintiff's argument, we will open "another amorphous loophole"[5] which we believe would not be consistent with the legislative intent to restrict tort liability for co-employees and providing for recovery by workmen's compensation.
We find that Welch was acting within the "normal course and scope of employment" for purpose of tort immunity under LSA-R.S. 23:1032. He was performing services arising out of and incidental to his employment by the State of Louisiana in the course of the State's business.
Plaintiff also argues that a broad interpretation of "normal course and scope *680 of employment" is to give an unconstitutional application of LSA-R.S. 23:1032. This argument is without merit. The constitutionality of LSA-R.S. 23:1032 is well settled. Perez v. Continental Cas. Co., 367 So.2d 1284 (La.App. 3rd Cir. 1979), writ den., 369 So.2d 157 (La.1979). Burmaster v. Gravity Drainage Dis. No. 2, 366 So.2d 1381 (La.1978). These cases clearly establish that the Legislature may validly regulate causes of action including replacement or abolition that one person may have against another for personal injuries. Such regulation does not deny equal protection of the law or due process.
We conclude that, under the facts presented, McGuire is barred by LSA-R.S. 23:1032 from suing the Military Department or Welch in tort.
Since we find these issues dispositive of the case, we do not reach other issues raised in the appeal or the answer to the appeal.
We conclude therefore that the trial judge erred in awarding a directed verdict in favor of plaintiff.
For the assigned reasons, the judgment of the trial court in favor of Edward McGuire, Jr., and against appellants is reversed and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed against appellants at plaintiff's costs.
REVERSED AND RENDERED.
NOTES
[1] Mrs. Katherine D. Honeycutt was dismissed as a defendant in this suit prior to trial, and is, therefore, no longer part of this suit (Number 7704). The term "defendants" as hereinafter used refers only to the appellants in this suit.
[2] Travelers Insurance Company has not perfected an appeal and is not a party before this court.
[3] McGuire testified as follows concerning the occurrence of the accident:

"Whenever I was, I was turned sideways at first, I looked forward, because there was a good bit of traffic, it was green, when I first looked at it, but the patient was just like has been mentioned before in testimony, was hollering and making a lot of noise, I turned around and tried to care for him, when I kind of looked back again, when I did, it was red, but was too close and about the same time I seen the automobile from the left coming out of the intersection behind that building I just seen the front end part from then on, it was nothing that I can recollect except just a lot of noise and everybody bouncing around."
[4] Whether Welch was acting outside the normal course and scope of employment does not affect the immunity of the Military Department, State of Louisiana, since this exception applies only to "any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment."
[5] Malone and Johnson, Louisiana Civil Law Treatise, Vol. 14, Worker's Compensation Law and Practice (2d Ed. 1980) § 364, p. 156.