394 So.2d 706 (1981)
Linda CRENSHAW et al., Plaintiff-Appellant,
v.
SERVICE PAINTING COMPANY et al., Defendant-Appellee.
No. 7999.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*707 Tillman & Mitchell, Jack L. Simms, Leesville, for plaintiff-appellant.
Hall, Lestage & Lestage, H. O. Lestage, III, DeRidder, for defendant-appellee.
Before DOMENGEAUX, STOKER and LABORDE, JJ.
LABORDE, Judge.
This is a tort suit against an employer, Boise Southern Company, for damages resulting from the wrongful death of its employee, Tommie Crenshaw. The plaintiff is Crenshaw's widow, Linda, who sues individually and on behalf of the Crenshaw's minor children. Boise Southern filed a motion for summary judgment urging that pursuant to LSA-R.S. 23:1032, plaintiff's exclusive remedy is in workmen's compensation. The trial court granted Boise Southern's motion and plaintiff appeals. We affirm.
On March 27, 1979, Tommie Crenshaw was on a scaffold located at Boise Southern's pulp and paper manufacturing facility. On that same day, Service Painting Company[1] was conducting sandblasting operations nearby. These operations caused sand to accumulate on the walkway of the scaffold. While walking along the scaffold, Crenshaw fell through an opening in the walkway and down to the ground some 40 feet below. Crenshaw died from injuries received in this fall. It is undisputed that at the time of this accident, Crenshaw was an employee of Boise Southern and was engaged in the course and scope of his employment.
Boise Southern's position is that Tommie Crenshaw was its employee; that he was killed in the course and scope of his employment; that its liability to him or to his survivors lies under Louisiana's workmen's compensation laws; and that under LSA-R.S. 23:1032 of those laws, plaintiff's remedy under workmen's compensation is an exclusive one. Boise Southern supports its position through an affidavit given by its personnel manager.
Plaintiff's position is that she is authorized to sue Boise Southern in tort under the *708 "intentional act" exception to employer immunity set forth in LSA-R.S. 23:1032.[2] Plaintiff's claim is supported by affidavits of two of Crenshaw's co-workers.
As this matter arises through a motion for summary judgment, we begin by noting that this court in LeBlanc v. Landry, 371 So.2d 1276, 1279 (La.App. 3rd Cir. 1979), set forth the following general principles which serve as guidelines in deciding any motion for summary judgment.
"In deciding any motion for summary judgment the following general principles must be borne in mind. A summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. Where supporting documents of the proponents and opponents of a motion for summary judgment indicate that a genuine issue of material fact may exist, the motion should be denied. McMoris v. Sheppard, 315 So.2d 342 (La.App. 4th Cir. 1975); Berthelot v. Travelers Insurance Company, 304 So.2d 59 (La.App. 1st Cir. 1974). The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning the existence of such should be resolved against the mover and in favor of a full trial on the merits. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir. 1974). Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue. Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3rd Cir. 1976)."
With these guidelines in mind, we proceed to determine whether the pleadings and affidavits present a genuine issue of material fact.
This issue centers around LSA-R.S. 23:1032 which in part provides:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
The above statute is recognized as establishing employer immunity from suit in tort by providing that an employee or his dependent is limited to a suit in workmen's compensation against the employer. The employer immunity is not absolute however, and a suit in tort against the employer will lie when the employee's injury results from the "intentional act" of his employer.
Our courts have held that for an act to be intentional under LSA-R.S. 23:1032, the defendant must have entertained a desire to bring about the result which followed and he should have believed that the result was substantially certain to follow. McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3rd Cir. 1980), Guidry v. Aetna Cas. and Sur. Co., 359 So.2d 637 (La.App. 1st Cir. 1978), writ den., 362 So.2d 578 (La.1978); but c.f. Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980) writ granted, 383 So.2d 1263 (1980).
Plaintiff alleges that due to the sandblasting operations being conducted at the plant, the area in which Tommie Crenshaw was working, including the scaffold he was on, became covered with sand to such an extent that numerous complaints were made to Charlie Johnson, Boise Southern's Safety Supervisor. (Paragraph 6 of plaintiff's petition found at Tr. 3) In addition, plaintiff alleges that Boise Southern's negligence consisted of the following acts:
"1. That defendant conducted sandblasting operations in a careless and negligent manner in failing to take precautionary measures to protect others in the area where their operations were being conducted;
*709 2. That defendant continued it's sandblasting activity in a careless and negligent manner even after it was informed that the sand was causing safety hazards to those working in the area;
3. That defendant failed to take any action to prevent sand from its sandblasting activity from accumulating on a walkway where it knew others were working;
4. That defendant was negligent in failing to replace missing grate on catwalk where it knew or should have known employees would be walking;
5. That defendant was negligent in allowing sandblasting in the area of the missing grate in that they knew or should have known that the sand from said operations and the missing grate created hazardous working conditions for any workers in that area;
6. That defendant was negligent in failing to replace the missing grate on the scaffold and in failing to take proper measures to prevent sand from accumulating on the scaffold when it knew or should have known employees were working in that area." (Paragraph 12B of plaintiff's amending and supplemental petition found at Tr. 8)
Likewise, through her opposition to Boise Southern's motion for summary judgment, plaintiff reiterates her position and supports her claim with affidavits of two of Tommie Crenshaw's co-employees who were present at the time of the accident. Both affiants stated that they knew of their own personal knowledge that sandblasting operations were being conducted in the area where Tommie Crenshaw was working; that sand had accumulated in this area; that Crenshaw did not want to work until the sand was cleaned up; and that Crenshaw reported these unsafe conditions to Boise's Safety supervisor, Charlie Johnson.
In addition both affiants stated that they, along with three other Boise Southern employees, personally told Charlie Johnson that they were not going to continue working until the sandblasting was stopped and that the sandblasting was stopped, but the sand was not cleaned up, nor were the open grates such as the one Crenshaw fell through covered while men were working in the area. (Tr. 20-21)
Plaintiff cites the case of Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980), writ granted, 383 So.2d 1263 (La.1980) in support of her contention that defendant's acts or omissions were intentional. This court disagreed with Bazley in McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3rd Cir. 1980) and Citizen v. Theodore Daigle and Brother, Inc., 392 So.2d 741 (La.App. 3rd Cir. 1980). In these cases we cited with approval Guidry v. Aetna Cas. & Sur. Co., 359 So.2d 637 (La.App. 1st Cir. 1978), writ denied, 362 So.2d 578 (La.1978), which held that for an act to be intentional under LSA-R.S. 23:1032: 1) the defendant must have entertained a desire to bring about the result which followed; and 2) he should have believed the result was substantially certain to follow.
Our brothers of the First Circuit, have recently expressed the same view in Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir. 1980) writ denied, 386 So.2d 359 (La.1980). In Courtney, an employee was electrocuted allegedly because of the failure to place a guard on a chlorine cell containing high voltage electricity. Also, see Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979); Johnson v. Chicago Mill and Lumber Company, 385 So.2d 878 (La.App. 2nd Cir. 1980); Frazier v. Carl E. Woodward, Inc., 378 So.2d 209 (La.App. 4th Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir. 1979).
The facts alleged in the pleadings in the instant suit failed to show that Boise Southern's acts or omissions were accompanied by the requisite intent necessary to permit recovery in tort, i. e., that in failing to remove the accumulated sand and replace the missing grates causing Crenshaw's fall, Boise Southern both desired and believed that the result was substantially certain to follow.
*710 For the foregoing reasons, the judgment of the district court granting Boise Southern Company's motion for summary judgment is affirmed. Costs of this appeal are taxed to Plaintiff-Appellant; all other costs are to await final disposition.
AFFIRMED.
NOTES
[1] Plaintiff sued Service Painting Company and Boise Southern. This appeal concerns only Boise Southern's motion for summary judgment.
[2] These allegations, were added by way of an amended and supplemental petition.