395 So.2d 411 (1981)
Ronnie McADAMS, Plaintiff-Appellant,
v.
The BLACK & DECKER MANUFACTURING COMPANY, INC. et al., Defendants-Appellees.
No. 7840.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
Christopher J. Roy, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, H. B. Gist, Jr., Bolen & Erwin, James A. Bolen, Jr., Kennedy & Yeager, Charles J. Yeager, Alexandria, for defendants-appellees.
Before FORET, SWIFT and DOUCET, JJ.
*412 SWIFT, Judge.
Ronnie McAdams brought this suit to recover damages for personal injuries received while working for Baker Manufacturing Company, Inc. The defendants are The Black & Decker Manufacturing Co., Baker Manufacturing Company, Inc., the latter's liability insurer and certain of Baker's executive officers and employees. All of the defendants except Black and Decker filed exceptions of no right or no cause of action based on LSA-R.S. 23:1032 which provides that the rights and remedies granted by our workmen's compensation act are exclusive and grants immunity under most circumstances to the employer or principal or any of their officers, directors, stockholders, partners and employees from being sued in tort by an injured employee. The trial court sustained the exceptions and upon failure of the plaintiff to amend timely alleging requisite facts the suit was dismissed as to such defendants. The plaintiff has appealed.
The petition sets forth that McAdams' injuries occurred when his hand came into contact with the blades of a router machine. It further alleges that the machine either had no guard or the protective devices to prevent injury had been removed or changed and that such conduct "was so gross and negligent as to be willful and wanton" and precludes immunity under the compensation act. The parties stipulated plaintiff's injuries arose during the course and scope of his employment and were compensable under Louisiana workmen's compensation laws.
The 1976 amendment to LSA-R.S. 23:1032, of course, has done away with tort suits against officers, directors, stockholders, partners or employees of the employer (or principal) of an injured worker except where the injury has resulted from their intentional act or such person causing the injury was not then engaged in the normal course and scope of his employment.
McAdams first argues that the conduct of the defendants in the removal or failure to place guards on the router machine and ordering him to work with a defective machine was so grossly negligent that it must be considered intentional. In support of his position plaintiff relies upon the holding of Bazley v. Tortorich, 380 So.2d 727 (La.App. 4 Cir. 1980), writ granted, 383 So.2d 1263 (La.1980).
This court disagreed with Bazley in McGuire v. Honeycutt, 387 So.2d 674 (La. App. 3 Cir. 1980) and Citizen v. Theodore Daigle and Brother, Inc., 392 So.2d 74 (La. App. 3 Cir. 1980). In these cases we cited with approval Guidry v. Aetna Cas. & Sur. Co., 359 So.2d 637 (La.App. 1 Cir. 1978), writ denied, 362 So.2d 978 (La.1978), which held that for an act to be intentional under LSA-R.S. 23:1032: 1) the defendant must have entertained a desire to bring about the result which followed; and 2) he should have believed the result was substantially certain to follow.
The Court of Appeal, First Circuit, recently has expressed the same view in Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1 Cir. 1980), wherein an employee was electrocuted allegedly because of the failure to place a guard on a chlorine cell containing high voltage electricity. Also, see Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1 Cir. 1979); Johnson v. Chicago Mill and Lumber Company, 385 So.2d 878 (La.App. 2 Cir. 1980); Frazier v. Carl E. Woodward, Inc., 378 So.2d 209 (La. App. 4 Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir. 1979).
The facts alleged in the petition in the instant suit do not show that the defendants' acts or omissions were accompanied by the requisite intent to permit recovery in tort, i. e., in removing from or failing to provide the protective devices on the machine causing plaintiff's injuries the defendants desired and believed that the result was substantially certain to follow.
The plaintiff further contends that by using the adjective "normal" to modify the term "course and scope of employment" the legislature limited the ambit of immunity from tort liability provided in LSA-R.S. 23:1032. As stated in McGuire, we cannot agree with plaintiff's argument. We find it *413 inconsistent with the legislative intent to restrict tort liability of co-employees and provide for recovery of workmen's compensation.
McAdams' petition shows that the duties allegedly breached by the defendants were incident to their employment and we conclude they were then engaged in the "normal course and scope of their employment" within the meaning of LSA-R.S. 23:1032.
For the foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant's cost.
AFFIRMED.