396 So.2d 537 (1981)
Gerald B. NUGENT, Plaintiff and Appellant,
v.
EXECUTIVE OFFICERS OF HARTER OIL CO., Defendants and Appellees.
No. 7888.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*538 Shelby E. Bohannon, Alexandria, for plaintiff and appellant.
Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, for defendants and appellees.
Before CULPEPPER, FORET and SWIFT, JJ.
CULPEPPER, Judge.
This is a tort suit. The plaintiff, Gerald B. Nugent, seeks damages resulting from injuries sustained while working on an oil rig owned and operated by Harter Oil Company. Made defendants are Earl Harter, Mike Harter and Richard King, executive officers of Harter Oil Company. From a judgment sustaining the defendants' exception of no cause of action, Nugent appeals. We affirm.
The issues are (1) the constitutionality of the 1976 amendment to LSA-R.S. 23:1032 giving tort immunity to executive officers and co-employees except for an "intentional act", and (2) whether plaintiff's petition alleges "intentional acts" by defendants within the meaning of LSA-R.S. 23:1032, so that the plaintiff is barred from recovery in tort.
GENERAL FACTS ALLEGED
In his petition, plaintiff alleges he was working atop an oil drilling rig owned by Harter Oil Company, when the scaffold he was standing on gave way, causing him to fall and severely injure his left hand. Nugent avers the defendants, executive officers of Harter Oil, intentionally provided an unsafe work area or knew that serious injury *539 was substantially certain to result from such conditions.
The defendants filed an exception of no cause of action, contending that Nugent's exclusive remedy is in workmen's compensation, and that recovery in tort is barred by the provisions of LSA-R.S. 23:1032.
THE CONSTITUTIONAL ISSUE
In response to defendants' exception of no cause of action, plaintiff first attacks the constitutionality of the 1976 amendment to LSA-R.S. 23:1032, which provides in pertinent part immunity from tort actions to executive officers and co-employees except where plaintiff's injuries result from their "intentional act." In Perez v. Continental Casualty Company, 367 So.2d 1284 (La.App. 3rd Cir. 1979), writ of certiorari refused, 369 So.2d 157 (La.1979), we discussed this issue at length and held the statute in question constitutional. The panel in the present case reaffirms the decision in Perez.
Plaintiff concedes the Third Circuit has held the statute constitutional. He argues that in Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980), writ granted, 383 So.2d 1263 (La.1980), the Fourth Circuit reached a different result and that we should follow Bazley. We respectfully disagree with the decision in Bazley insofar as it may be in conflict with our decision in Perez.
INTENTIONAL ACT
LSA-R.S. 23:1032 provides immunity from tort liability for employers, executive officers and co-employees of an employee injured while engaged in the course and scope of his employment. To escape the exclusive remedy of workmen's compensation, an employee must show either (1) the injury occurred while he was not engaged in the course and scope of his employment, (2) the injury resulted from negligence of an employer, executive officer or co-employee who was not engaged in the course and scope of his employment, or (3) the injury was a result of an "intentional act" of an employer, executive officer or co-employee. In the present case, we are concerned only with the issue of whether plaintiff's injury was caused by an "intentional act" of the defendants-executive officers.
Nugent contends that the acts of the defendants in providing an unsafe work area, failing to give safety instructions, and failing to provide proper safety devices and procedures constitute "intentional acts" which render the exclusion of LSA-R.S. 23:1032 inapplicable.
The definition of an "intentional act" was recently defined by this Court in McGuire v. Honeycutt, 387 So.2d 674 (La. App. 3rd Cir. 1980). We held that for an act to be "intentional" within the meaning of LSA-R.S. 23:1032, it is necessary to show (1) that the defendant entertained a desire to bring about the result which followed, and (2) that the defendant should have believed the result was substantially certain to follow. See also, Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1st Cir. 1978); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir. 1980); Citizen v. Daigle, 392 So.2d 741 (La.App. 3rd Cir. 1980); McAdams v. The Black and Decker Manufacturing Co., 395 So.2d 411 (La.App. 3rd Cir. 1981); and Crenshaw v. Service Painting Co., 394 So.2d 706 (La.App. 3rd Cir. 1981).
Nugent contends the following allegations in paragraph 10 of his petition sufficiently allege the intentional nature of the defendants' acts:
"Nugent contends that defendants as listed above entertained a desire to bring about the results which followed and defendants should have believed that the result was substantially certain to follow. Defendants' action shows that they desired or intended to bring about the injury result."
In considering an exception of no cause of action, the well pleaded facts are considered as true, but the court may nevertheless disregard allegations which are not facts but are mere conclusions of the pleader. Lott v. Haley, 363 So.2d 1270 (La. App. 4th Cir. 1978) affirmed in pertinent part, 370 So.2d 521 (La.1979). We find the *540 above quoted paragraph to be a conclusion of the pleader that defendants desired to injure plaintiff and should have believed it was substantially certain the accident and injury would occur.
Plaintiff alleges that he had been recently hired, was given no physical examination, no safety instructions, no explanation as to the machinery, and that he was placed on top of the derrick on a make-shift scaffold and instructed to disconnect the cable from the drill pipe as it came out of the hole and push the pipe over to one side. There are allegations that the cable "kept hitting and striking the loose scaffold at the top of the rig," finally causing the scaffold to fall. He alleges further that the defendant executive officers often visited the wells and had supervision of safety procedures, and then he alleges a list of 15 defects in equipment and deficiencies in safety procedures.
Accepting as true all of these allegations of fact as to defects in the equipment and deficiencies in safety training and procedures, they do not constitute facts which show that defendants desired to injure plaintiff or any other employee assigned this job and should have believed it was substantially certain the accident and injury would occur. There is no allegation that any of the defendants were present at the time of the injury, or that they even knew that plaintiff was working on top of the derrick. There is no allegation as to any motive of the defendants to injure plaintiff or any other employee. The allegations of fact may be sufficient to show negligence or even gross negligence, but they are not sufficient to show an intentional tort as defined above.
We applied these principles in the recent case of Citizen v. Theodore Daigle and Brother, 392 So.2d 741 (La.App. 3rd Cir. 1980), where a co-employee in a gun shop, thinking a rifle was not loaded, playfully pointed it at plaintiff and fired. The gun was loaded, and plaintiff was injured. The evidence showed that plaintiff and the co-employee were friends. There was, as in the present, no desire or motive to injure. Furthermore, we concluded the co-employee did not know nor should he have known that the result was substantially certain to follow. We stated it was clear the co-employee was negligent, but there was no intentional tort. The case involved the same statute with which we are concerned in the present case, and we held plaintiff could not sue the co-employee in tort.
We recognize that under LSA-C.C.P. Article 934 a judgment sustaining the peremptory exception of no cause of action should order amendment of plaintiff's petition where the grounds of the objection may be removed by amendment. However, in the present case plaintiff has obviously alleged all of the facts. Any additional allegations of mere conclusions of the pleader would be cumulative and would not remove the grounds of the objection.
For the reasons assigned, the judgment appealed sustaining defendants' exception of no cause of action is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.