Lutrell PENTON, Plaintiff-Appellant,

v.

SOUTHERN SHIPBUILDING,
INC., Defendant,

Sammy L. Sharp, Defendant-Appellee.

No. 81–3352
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1982.

Pete Lewis, New Orleans, La., for plaintiff-appellant.

Gallaspy & Paduda, Sondra A. Cheek, Bogalusa, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Lutrell Penton was injured during his employment as a welder for Southern Shipbuilding, Inc. (Southern).[1] In addition to his Louisiana Workman's Compensation claim, Penton brought the present action against Southern and his welding foreman, Sammy Sharp, under La.R.S. 23:1032 as an "intentional" tort. The District Court granted motions for summary judgment to both defendants. We affirm.

Penton urges that a factual issue exists as to whether his foreman, Sharp, "intended" the injury that he suffered. Penton alleges that Sharp assigned him to work in an area covered with grease and oil, but that Sharp did not allow Penton to place as much cardboard in his work area as he felt necessary. The injury occurred when Penton tried to descend the steps leading from the platform upon which he was welding with grease on his boots.

---

1. At the time of his injury, Penton was engaged in land-based welding in a crane sitting on a railroad car in the shipyard.

■ Based upon the provisions of the Louisiana Workmen's Compensation Statute, La.R.S. 23:1032, as well as the interpretation of that statute by the Louisiana Supreme Court in *Bazley v. Tortorich*, 397 So.2d 475 (La.1981), we find that the District Court acted properly in granting summary judgments to both of the defendants. For tort injuries sustained by employees in the course and scope of their employment, employees are limited to their workmen's compensation claims as the exclusive remedies unless the act of a coemployee was "intentional." 397 So.2d at 478–79. The term "intentional" in this context means that the defendant either desired to bring about the physical result of his act or believed that the result was substantially certain to follow from what he did. 397 So.2d at 481.

■ We have considered the deposition testimony as well as the allegations in the complaint and pre-trial order, and we find no error in the District Court's conclusion that no genuine issue of material fact existed and that the defendants were entitled to summary judgments. Penton's petition merely alleged the defendant's intentional act, gross negligence, or both. In the pretrial order, the trial judge recited the claim that Penton's foreman did not permit Penton to place as much cardboard in the work area as Penton wanted to. We agree with the District Court that these allegations do not amount to colorable claims of intentional torts. *See Keating v. Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980):

> The use of the word "intent" in these paragraphs is not a talisman that can change the allegations into colorable claims of true intentional torts.

*Id.* Although the distinction between a highly foreseeable risk and an intentional tort is a matter of degree, we cannot stretch the meaning of "intent" beyond its statutorily defined limits. The facts in this case do not show any desire on the part of Sharp to cause the injury, which Penton concedes, nor do they show a belief on the part of Sharp that Penton's injuries were certain, or substantially certain, to result from his actions. 397 So.2d at 481.

AFFIRMED.