Kenneth Lee BROWN,
Plaintiff-Appellant,

v.

P. S. & SONS PAINTING, INC., Phillip Skandaliaris, William Skandaliaris, Gus Danapas, and Aetna Life & Casualty Co., Defendants-Appellees.

No. 81–3544
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 23, 1982.

Lambert & Nelson, Linda J. Nelson, New Orleans, La., for plaintiff-appellant.

Adams & Reese, Robert B. Nolan, New Orleans, La., for P. S. & Sons Painting, Inc.

Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, La., for Skandaliaris and Danapas.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this diversity action, Kenneth Brown sued his employer, its liability insurer, and three of its executive officers for injuries sustained when the scaffolding he was working on gave way and he fell into the Red River. The District Court granted the motion of the employer and insurer for summary judgment and the motion of the individual officers to dismiss for failure to state a claim.[1] Finding that the Louisiana Workmen's Compensation Statute precludes suits for all but intentional torts and that Brown's case does not satisfy Louisiana's requirement for an intentional tort, we affirm.

## I.

Kenneth Brown was employed by P. S. & Sons Painting, Inc., as a bridge sandblaster/painter on a project involving the O. K. Allen Bridge across the Red River in Alexandria, Louisiana. Employees of P. S. & Sons Painting, Inc. purchased pipe from a local hardware store and manufactured scaffolding to use on the sandblasting/painting job over the river. According to Brown, the local hardware store stocked only one size of pipe, which the employer used allegedly without knowledge of the "load" characteristics of the pipe or prior testing of the pipe. Brown was injured when the pipe of the scaffolding broke, resulting in his falling approximately 80 feet into the water below. At the time, Brown was not wearing a safety belt or life jacket. As a result of the fall, Brown was permanently injured.

1. Although the District Court, in granting the motion of the individual defendants, referred to this motion as one to dismiss for failure to state a claim (F.R.Civ.P. 12(b)(6)), it appears that the District Court considered information outside of the pleadings and thus in effect treated the motion as one for summary judgment under F.R.Civ.P. 56. F.R.Civ.P. 12(b) specifically provides for the conversion of such a motion to a motion under Rule 56 when matters outside the pleadings are presented to the court. In this case, the District Court was simultaneously hearing the employer's motion for summary judgment and the individual defendants' motion to dismiss. Thus it seems likely that the District Court, in passing on both motions, considered the depositions and other documents that had been filed, including both parties' memoranda on the motions. Considering the extent of material submitted to the court prior to its ruling, the requirement of Rule 12(b) that the parties be given "reasonable opportunity to present material made pertinent to such a motion by Rule 56" was met here. We find that Brown failed to show the existence of a material issue of fact as to his cause of action against either his employer or the individual defendants and thus summary judgment was proper.

Subsequently, Brown sued his employer, its liability insurer, Aetna Life & Casualty Co., and three officers of his employer, Phillip Skandaliaris, the president, William Skandaliaris, the vice-president, and Gus Danapas, the foreman of Brown's work crew. Basically, Brown asserts that all of the defendants acted intentionally—intentionally choosing inadequate pipe for the scaffolding in violation of OSHA regulations, intentionally causing Brown to work under dangerous conditions and without a proper life preserver or safety belt—knowing that the pipe was inferior and was "substantially certain" to break. The employer and its insurer filed a motion for summary judgment and the three individual officers filed a motion to dismiss for failure to state a claim. The District Court determined that Brown was precluded from suing his employer because of the Louisiana Workmen's Compensation Statute which provides that workmen's compensation benefits are the exclusive remedy against an employer. As to the individual defendants, the District Court granted their motion as well, finding that La.R.S. 23:1032 allows suits against coemployees only for "intentional acts", which the Louisiana Supreme Court has indicated are equivalent to intentional torts. Recklessness or gross negligence do not satisfy the statute. *Bazley v. Tortorich*, 397 So.2d 475 (La.1981). From the grant of these motions, Brown appeals.

## II.

The Louisiana Workmen's Compensation Statute, La.R.S. 23:1032, makes clear that employees are limited to their workmen's compensation claims for injuries sustained in the course and scope of employment unless the injury results from the act of a coemployee and was "intentional".[2] The Louisiana Supreme Court, in a recent decision, rejecting an attempt to equate "intentional". with "voluntary", clarified the requirements for intentional actions.

For these reasons, we construe the legislation under review [La.R.S. 23:1032] as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.

*Bazley*, 397 So.2d at 482.

## III.

On the facts of this case, Brown's theory is that the defendants knew that they had purchased inferior pipe and that if the scaffolding broke any user was "substantially certain" to be injured, and thus the defendants acted intentionally to injure Brown. Additionally, Brown asserts that the defendants intentionally caused him to work under dangerous conditions, without a proper life preserver, safety line, or belt. For support of his position, Brown relies heavily on alleged OSHA violations by the defendants, especially the failure to test the pipe

**2.** La.R.S. 23:1032, as amended by Act 147 of 1976, provides:

> The rights and remedies herein granted to an employee ... on account of an injury ..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ...
>
> \*   \*   \*   \*   \*   \*
>
> Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
>
> The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

to see if it could hold the OSHA requirement of four times the intended load. Louisiana courts have made clear that violations of safety regulations are not sufficient to avoid the preclusive effect of La.R.S. 23:1032. *Wilson v. Werner Co.*, 393 So.2d 779, 780 (La.App. 2d Cir. 1980); *Cortez v. Hooker Chemical and Plastics Corp.*, 402 So.2d 249 (La.App. 4th Cir. 1981). Nor does the failure to provide a safe work area, safety instructions, or safety devices constitute "intentional acts" for purposes of eluding the exclusive remedy of La.R.S. 23:1032. *Nugent v. Executive Officers of Harter Oil*, 396 So.2d 537, 539–40 (La.App. 3rd Cir. 1981); *Crenshaw v. Service Painting Co.*, 394 So.2d 706, 708–09 (La.App. 3rd Cir. 1981); *McDonald v. Boh Brothers Construction Co.*, 397 So.2d 846 (La.App. 4th Cir. 1981); *Mayer v. Blue Cross Insurance Co.*, 402 So.2d 273 (La.App. 4th Cir. 1981); *Klohn v. Louisiana Power & Light*, 394 So.2d 636 (La.App. 1st Cir.), *writ denied*, 399 So.2d 612 (La.1981).

■ While Brown's complaint might state a claim for gross negligence or recklessness—had such a claim been open under Louisiana law—he has failed to show that the defendants desired to bring about his fall or that his fall was substantially certain to occur. While it is foreseeable that if the scaffolding were to break, Brown would be injured, this simply does not constitute a showing that the defendants *knew* the pipe would break and thus intended Brown to be injured. Rather, Brown's contention that the defendants were uncertain if the pipe would support the necessary weight, a violation of OSHA regulations, contradicts Brown's own position that the defendants intentionally desired Brown to fall or were "substantially certain" that Brown would fall. In fact, the scaffolding from which Brown fell had been used by Danapas, the foreman on the job. Also, William Skandaliaris, another defendant, often inspected the work from scaffolding. From these uncontradicted facts, the District Judge could conclude that the defendants did not intend for the scaffolding to break since they, rather than Brown, could have been the victims of this unfortunate accident.

The third defendant, Phillip Skandaliaris, was in Florida at the time and had absolutely nothing to do with purchasing the pipe used in the scaffolding. "Although the distinction between a highly foreseeable risk and an intentional tort is a matter of degree, we cannot stretch the meaning of 'intent' beyond its statutorily defined limits." *Penton v. Southern Shipbuilding, Inc.*, 667 F.2d 500, 501 (5th Cir. 1982).

While Brown challenges the granting of summary judgment against him as improper, arguing that the issue of intent is a fact for the jury, and thus not appropriate for summary judgment, we find nothing in the facts to establish any intentional act as that term is defined under Louisiana law. Even viewing the facts in the light most favorable to Brown, there is no support for the position that the defendants either desired to cause Brown injury or believed that Brown's injuries were certain, or substantially certain, to result. As we stated in *Keating v. Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980), "The use of the word 'intent' . . . is not a talisman that can change the allegations into colorable claims of true intentional torts."

■ Brown offers two additional last gasp arguments to avoid the preclusive effect of the Louisiana Workmen's Compensation Statute. First, he asserts that the individual defendants acted beyond the normal course and scope of their employment in "improperly designing and/or assembling an improper and unsafe scaffold." This argument is without merit since the employer, as part of its business of painting and sandblasting, frequently built its own scaffolds to meet the needs of the various projects. Second, Brown contends that the District Court erred in failing to consider certain Requests for Admissions as "conclusively established" for purposes of summary judgment. Brown filed a request for admissions, to which P. S. & Sons Painting Co. and Aetna objected three days later as "attempting to solicit conclusions of fact and conclusions of law." Approximately a week later, the individual defendants also object-

ed on the same grounds.[3] While Brown filed these requested admissions as facts deemed admitted one day prior to the hearing on the motions for summary judgment, no motion was filed to require more specific answers to these requests or to challenge the sufficiency of the objections. Since the defendants served objections to the requested admissions, the next move was up to Brown. *See* 4A Moore's Federal Practice ¶ 36.06 at 36–66. Given Brown's failure to seek further action by the court to determine the sufficiency of the objections, as thus framed, there was actually no admission and the District Court was under no obligation to consider the requested admissions as facts deemed admitted.

AFFIRMED.

Charles L. Howorth, Jr., Jackson, Miss., for plaintiff-appellant.

Thomas L. Goldman, James E. Sandusky, Meridian, Miss., for defendant-appellee.

**3.** The defendants continued to object to the Request for Admissions and on August 21, 1981, after the hearing on the motions, filed expanded answers and objections.