Marsha K. SHEARER, Special Administratrix of the Estate of Bobby Gene Shearer, Deceased, and Barbara J. Pierce, Special Administratrix of the Estate of Darrold L. Pierce, Deceased, Appellants,

v.

HOMESTAKE MINING COMPANY, Appellee.

No. 83–1522.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Feb. 7, 1984.

John J. Delaney, and Robert A. Amundson, Amundson & Fuller, Lead, S.D., for appellee.

Douglas E. Schmidt, Grose, Von Holtum, Sieben & Schmidt, Ltd., Minneapolis, Minn., for appellants.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Marsha K. Shearer and Barbara J. Pierce appeal from a final order entered in the District Court[1] for the District of South Dakota granting summary judgment in favor of Homestake Mining Co. (Homestake). *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549 (D.S.D.1983). For reversal appellants argue that the district court erred in (1) reversing its decision denying Homestake's first motion for summary judgment and (2) denying them an adequate opportunity to present their position opposing summary judgment. For the reasons discussed below, we affirm the judgment of the district court.

Appellants are the personal representatives of their deceased husbands' estates. Appellants' decedents were miners employed by Homestake at the Homestake Mine in Lead, South Dakota. In January 1978, decedents were killed while acting within the scope of their employment as miners when they were crushed to death when a huge slab of rock broke from the ceiling of the mine shaft or "stope." Appellants received worker's compensation benefits as a result of the deaths and then filed this wrongful death action in federal district court, alleging the deaths were the result of work-related injuries caused by an employer's intentional tort and thus not barred by the worker's compensation benefits already received. The applicable statute, S.D.Codified Laws § 62–3–2 (1978 Revision), provides:

> The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his [or her] personal representatives, dependents, or next of kin, on account of such injury or death against his [or her] employer or any employee, partner, officer or director of such employer, except rights and remedies arising from intentional tort.

Early in the proceedings Homestake filed a motion for summary judgment on the grounds that no genuine issue of material fact existed to show that it had committed an intentional tort within the meaning of S.D. Codified Laws § 62–3–2. Therefore, Homestake argued that as a matter of law appellants' worker's compensation benefits constituted their sole and exclusive remedy. The district court expressed reservations about whether there was any genuine issue as to any material fact, but was reluctant to resort to the drastic remedy of summary judgment so early in the proceedings and accordingly denied Homestake's motion without prejudice in order to allow appellants the opportunity to develop the facts through discovery.

After discovery had apparently been completed, Homestake filed its second motion for summary judgment. The district court ordered appellants to respond to the second motion and granted them nearly a month in which to do so. Contrary to both Fed.R. Civ.P. 56(e) and D.S.D.Local R. 8(D), appellants neither responded nor requested an extension of time. To excuse their failure to respond, appellants argued that the district court's denial of the first motion for summary judgment was the law of the case and that they were denied an adequate opportunity to present their case in opposition to summary judgment. The district court disagreed and granted the motion for summary judgment in favor of Homestake, holding that South Dakota law requires proof of intent to injure[2] and that appel-

---

**1.** The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

**2.** At the time the district court granted the second motion for summary judgment, the South Dakota Supreme Court had not yet defined the scope of the worker's compensation exception for intentional torts. The South Dakota Supreme Court later resolved the issue in *VerBouwens v. Hamm Wood Prods.,* 334 N.W.2d 874 (S.D.1983), as the district court had anticipated it would. Requiring intent to injure is the position of the overwhelming majority of jurisdictions. *Compare Brown v. P.S. & Sons Painting, Inc.,* 680 F.2d 1111 (5th Cir. 1982) (intentional action), *with Mandolidis v. Elkins Indus., Inc.,* 246 S.E.2d 907 (W.Va.1978) (wilful, wanton or reckless misconduct); *see*

lants' complaint simply failed to state a cause of action for an intentional tort. 557 F.Supp. at 557. This appeal followed.

■ We have carefully reviewed the record in light of appellants' allegations of error. We find no error in the district court's reconsideration of the motion for summary judgment. The district court's initial ruling did not become law of the case because the second or renewed motion was based upon substantial discovery of facts not before the court at the time of the first motion. *Id.* at 556, *citing Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384 (2d Cir.1968).

■ We further find no error in the district court's granting the motion for summary judgment without a hearing. As noted by the district court, Fed.R.Civ.P. 56(c) does not require a hearing in the absence of a prior request. 557 F.Supp. at 556; *see, e.g., Benson v. Matthews,* 554 F.2d 860, 862 (8th Cir.1977) (per curiam). Here, appellants did not file a request for a hearing until after the district court had granted the second motion for summary judgment.

Moreover, appellants failed to file a response to the second motion for summary judgment as ordered to do so by the district court. Homestake's second motion for summary judgment was supported by legal memoranda and discovery materials; appellants could not successfully oppose the motion by merely resting upon the allegations in their pleadings. Pursuant to Fed.R. Civ.P. 56(e), the party opposing the motion for summary judgment must set forth specific facts that raise a genuine issue of material fact for trial. *E.g., Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir.1981) (per curiam).

■ We have carefully considered the evidence in the light most favorable to appellants as the parties opposing summary judgment, accepting the allegations as true

and giving appellants the benefit of all favorable inferences, and hold that appellants failed to establish the existence of a genuine issue of material fact with respect to the intentional tort claim [3] and therefore did not fall within the exception for intentional torts provided in S.D.Codified Laws § 62–3–2. Accordingly, the judgment of the district court is affirmed.

---

*generally* 2A A. Larson, The Law of Workmen's Compensation §§ 68.10, .13 (1976).

**3.** *See Shearer v. Homestake Mining Co.,* 557 F.Supp. 549, 557–58 (D.S.D.1983) (excellent discussion of individual allegations of appellants' complaint).