PER CURIAM.
The marriage between these parties was dissolved by final judgment dated May 20, 1977. Each party has appealed some portion of the financial provisions of that judgment. The former wife, Marian A. Tinsley (formerly Marian A. Bonner), urges that the trial court committed reversible error in (1) ordering her to convey to the husband her interest in the former marital residence, and (2) denying her an interest in a joint savings account and certain securities. The former-husband, Norman A. Bonner, urges that the trial erred (1) in finding him responsible for repayment to his mother’s estate of certain money withdrawn by the wife from the joint savings account and (2) in assessing the wife’s attorney’s fees and costs against him.
The husband and wife held in their joint names money which belonged to the husband’s mother, Esther N. Bonner. The mother was made a party to the proceeding. She is now dead and the husband appears in these proceedings as the personal representative of her estate.
The proceedings were complicated and extensively tried. The judgment provided:
“(1) The marriage ... is hereby dissolved ...
“(2) MARIAN A. BONNER and NORMAN 0. BONNER be and they are hereby ordered forthwith to transfer title and possession to ESTHER N. BONNER the certificates evidencing a $5,000.00 Long Island Lighting Company Bond # XRV17113 and a $5,000.00 New Orleans Public Service Bond # RV0641, together with their interests in the $5,000.00 Central Hudson Gas and Electric Bond # R-2448.
“(3) MARIAN A. BONNER be and she is hereby entitled to retain sole title and possession to the $1,000.00 Corporate Investment Trust Fund Bond # 2 GF997 dated March 7, 1974.
if(4) ******
“(5) Any claims of MARIAN A. BONNER and NORMAN O. BONNER to Dade Federal Savings and Loan Association Account # 8868-0 be and the same are hereby denied and are the sole property of ESTHER N. BONNER.
“(6) Any claims of MARIAN A. BONNER to Dade Federal Savings and Loan Association Certificate of Deposit No. 97-5-002395-3 be and the same are hereby denied and she is ordered forthwith to remove any impediments to the exercise of sole control over said Certificate of Deposit by NORMAN O. BONNER.
(i(7) ******
“(8) Any claims of MARIAN A. BONNER and NORMAN O. BONNER against each other in reference to any activities in their joint checking account at Dixie National Bank maintained during the marriage be and the same are hereby denied.
“(9) MARIAN A. BONNER be and she is hereby ordered forthwith to execute in favor of NORMAN O. BONNER a QuitClaim Deed conveying all of her right, title and interest in and to the improved residential, real property located at 8765 S.W. 149th Terrace, Miami, Dade County, Florida, and NORMAN O. BONNER be and he is hereby ordered to execute in favor of MARIAN A. BONNER a QuitClaim Deed conveying to her all of his right, title and interest in and to improved, residential, real property located at 14000 S.W. 90th Court, Dade County, Florida.
“(10) * * sk * * *
“(11) * * * * * *
“(12) * sk sk sk # ?k
“(13) * sk sk sk sk *
“(14) * sk sk sk sk *
“(15) * sk sk * sk *
“(16) * sk sk sk sk sk
The trial judge’s finding with regard to the marital residence is as follows:
“13. Prior to the marriage, the HUSBAND was the record title holder with his former wife, NELL B. BONNER, of that certain property legally described as follows:
Lot 5, Block 4, of LAUREL HILL PARK, according to the Plat thereof, recorded in PB 77, at page 7 of the *978 Public Records of Dade County, Florida, geographically described as 8765 S.W. 149th Terrace, Miami, Dade County, Florida.
Subsequent to the marriage between the parties hereto, the former wife, NELL B. BONNER, delivered a quit-claim deed to NORMAN 0. BONNER, conveying all of her interest in the above described real estate to him. Thereafter the HUSBAND transferred title by means of warranty deed to NORMAN 0. BONNER and MARIAN A. BONNER, his wife, as tenants by the entireties.
“Prior to the marriage, and at the time of the hearing, the WIFE owned a single family residence, titled in the name of MARIAN A. TINSLEY and geographically described as 14000 S.W. 90th Court, Miami, Dade County, Florida.
“The Court finds that the transfer by the HUSBAND to the Wife of the said property owned by him was made in consideration of an agreement between the parties wherein the HUSBAND agreed to place his said property in the joint names of the parties and the WIFE agreed to place her said property in the joint names of the parties which she did not do. The Court therefore finds that each party is entitled to the sole title and possession of their respective improved residential real property without any claim of the other and that neither party has proven any special equity in the other’s said described real property.”
The wife maintains that provision “(9)” of the judgment, above-quoted, is not sustainable upon the court’s finding. She relies upon the principles that a gift will be presumed and that the trial court’s authority to change the title to property is limited to awarding lump sum alimony, partitioning, finding a special equity or dividing the property according to an agreement of the parties. See Owen v. Owen, 284 So.2d 384 (Fla.1973); Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974); and Benson v. Benson, 102 So.2d 748 (Fla. 3d DCA 1958). We hold that error has not been shown, because the trial judge did, in fact, find a special equity in the husband so that a fair distribution of the joint assets of the parties could be obtained only by a restoration of the titles to the state they were in before the marriage. We find that the court acted here upon an equitable basis. See Beaty v. Beaty, 177 So.2d 54, 57 (Fla. 2d DCA 1965). The issue of the title to the real properties of the parties was submitted to the court by the pleadings and was fully tried. The wife may not, at this late date, claim an inability of the court to do what she asked it to do. See Walton v. Walton, 290 So.2d 110 (Fla. 3d DCA 1974).
The finding of the trial judge concerning the savings account and the securities purchased with the proceeds of the account is as follows:
“8. That funds of ESTHER N. BONNER, who shall hereinafter be referred to as ‘THE MOTHER’, approximating $76,000.00 were transferred on her behalf by the HUSBAND to the savings account at Dade Federal Savings and Loan Association of Miami; in addition, funds belonging to THE MOTHER and being represented by pension payments, social security benefits, interest and dividends in the sum of approximately $10,000.00 were also deposited to said account; these funds were used for the purchase of certain securities which are described as follows: . . .”
Based upon this finding, the trial judge concluded that the mother was the equitable owner of the securities and that any remaining balance in that particular savings account was also the property of the mother. The wife contends that she should have received one-half of the securities and the account because the deposit of the mother’s funds in the account constituted a gift to the wife, as the account was in her name jointly with the husband. We think that the trial court’s judgment is amply supported by the record because a gift from the husband cannot be presumed when the funds were not the husband’s to give. The mother was alive and needful of her own money. The mother was a party to this suit and her rights were entitled to the protection of the court.
*979 The husband’s points on cross-appeal fail to present error. The court’s finding that some of the money in the trust account for the mother was withdrawn by the wife and used for living expenses does not, of itself, entitle the husband to recover these funds. He had made the account available to his wife by placing the mother’s money in the joint account. If some of the money was misapplied, he must bear the result, as between himself and his mother’s estate. It is not incumbent upon the trial court to trace the responsibility for expenditures for living expenses during a marriage. Cf. Burns v. Burns, 174 So.2d 432, 434-435 (Fla. 2d DCA 1965). Also cf. the discussion in Firestone v. Firestone, 263 So.2d 223, 227-228 (Fla. 1972).
The order for attorney’s fees is supported by the record. See Ginsberg v. Ginsberg, 127 So.2d 137 (Fla. 3d DCA 1961).
Affirmed.