HENDRY, Judge.
We review certain rulings of the trial judge incident to the dissolution of the marriage of Al and Sally Weiner. During the course of their marriage, which spanned nearly a quarter-century, the Weiners rose from quite modest means to great wealth. It is with regard to apportionment of their fortune that they join issue.
Permanent periodic alimony of $750 per week was awarded appellant in the proceedings below.[1] On appeal, she reiterates her petition below for $1,200 per week. Appellee rebuts her claim on the basis that the $750-per-week payment constitutes half of his disposable income, and that, “if anything, said alimony is excessive, not inadequate.”
Appellee’s protestation was unavailing in the circuit court, and it fares no better in this forum. The record reveals that appellee is a multimillionaire, and that his disposable income, in six figures annually, only partially represents the indirect income he receives through the ownership and operation of his commercial enterprises. *1253 As we have stated before, “the nature and extent of the husband’s capital assets are factors which enter into a determination of the ability of the husband to pay.” Milander v. Milander, 208 So.2d 876 (Fla. 3d DCA 1968). Accord, Chastain v. Chastain, 73 So.2d 66 (Fla.1954); Fleming v. Fleming, 177 So.2d 384, 387 (Fla. 3d DCA 1965).
It was undisputed that the parties’ living expense, in the year prior to their separation, was $2,000 per week, on average, exclusive of certain non-recurring expenses. We note in the record facts militating in appellant’s favor by reference to every criterion in § 61.08(1), (2), Fla.Stat. (Supp.1978). On this record, we must hold that the trial court’s alimony award is inadequate, and constitutes an abuse of discretion. Competent evidence adduced at trial does not support limiting appellant’s award to approximately one-third of the amount she was accustomed to spending during her married life. See McDonald v. McDonald, 368 So.2d 1283 (Fla.1979). We hold that appellant is entitled to $1,200 per week, as of the date of the dissolution decree, October 31, 1978. Massey v. Massey, 213 So.2d 260 (Fla. 3d DCA 1968).
Appellant further challenges the partition of the parties’ undivided interests in a residential lot.
We note initially that a court is without authority, incident to dissolution proceedings, to order ex parte the sale of jointly-owned property; it may partition such interests only where the parties have so agreed, or where one party has sought such disposition through a proper pleading. Sniffin v. Sniffin, 352 So.2d 113 (Fla. 4th DCA 1977); Riggs v. Riggs, 310 So.2d 322 (Fla. 3d DCA 1975). In the case sub judice, the record discloses that no agreement was reached between the parties for the sale of their lot,- and that the sole prayer for partition was contained in appellee’s post-hearing motion to amend pleadings to conform to the evidence.[2] In light of the great length of the proceedings had below (in excess of three years), with the attendant broad opportunity of appellee to seek partition much earlier on, and the consequent prejudice appellant stands to suffer in the execution of appellee’s eleventh-hour request, we find the trial court’s allowance of appellee’s motion to amend to have been in derogation of the proper exercise of its authority, and an abuse thereof. Thus, we reverse that portion of the order which commands the prompt sale of the property; by our said reversal, the parties are rendered tenants-in-common. § 689.15, Fla. Stat. (1979).
Finally, we consider the trial court’s award to appellee of certain valuable “artifacts”, taken from the parties’ household furnishings.
A court may properly make a disposition of property, in the process of marital dissolution, only by agreement of the parties, in an award of lump-sum alimony, in recognition of separate ownership or special equity interest, or pursuant to a request for partition. Tinsley v. Bonner, 362 So.2d 975 (Fla. 3d DCA 1978); Garmon v. Garmon, 357 So.2d 487 (Fla. 1st DCA 1978); Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974). No such agreement, award, recognition or request forms a part of this record. Therefore, we reverse, leaving the parties as tenants-in-common. § 689.15, Fla.Stat. (1979). '
We reverse the trial court’s alimony award, and raise the award to $1,200 per week; we reverse the partition of the parties’ interests in the residential lot, and the award of the artifacts to appellee, thereby leaving the parties as tenants-in-common of the lot and artifacts. As to all other issues raised by appellant, we affirm.
Affirmed in part, reversed in part.

. The final judgment from which appeal is taken was entered subsequent to the June 18, 1978 effective date of the Legislature’s amendment of the alimony statute, § 61.08, Fla.Stat. (Supp. 1978). By that amendment, we have a non-exclusive list of “relevant economic factors” which must be considered in a proper award or alimony or maintenance. The amendment constitutes a codification of, rather than a departure from, criteria traditionally employed in Florida' courts in determining proper alimony awards:
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a)The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of both parties.
(d) The financial resources of each party.
(e) Where applicable, the time necessary for either party to acquire sufficient education or training to enable him or her to find appropriate employment.
(f) The contribution of each party to the marriage, including but not limited to, services rendered in homemaking, child care, education and career building of the other party. The court may consider any other factor necessary to do equity and justice between the parties.

. Fla.R.Civ.P. 1.190(b).