McDONALD, Justice.
In this case we review Weiner v. Weiner, 386 So.2d 1251 (Fla.3d DCA 1980), because of conflict with Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Art. V, § 3(b)(3), Fla.Const. We agree that no abuse of the trial court’s discretion has been shown and that the district court improperly substituted its judgment for that of the trial court regarding the award of periodic alimony.
On appeal from a final judgment in a dissolution proceeding, the district court increased the amount of periodic alimony awarded respondent by the trial court. The alimony award was but one of several issues comprising the final judgment. In proceedings spanning more than three years, the trial court had the unenviable task of adjusting the economic situations of the parties in dissolving their twenty-five-year marriage.
An appellate court may reverse an inadequate award of alimony when there has been a clear abuse of discretion by the trial judge. Firestone v. Firestone, 263 So.2d 223 (Fla.1972). We recently discussed judicial discretion and review thereof in Cana-karis and need not repeat that discussion here. Applying the Canakaris test to this case, we are unable to discern a basis for the district court’s reversal of the alimony award. Judge Nesbitt’s dissent is correct on this issue.
That part of the district court’s opinion regarding the alimony award is quashed, and this cause is remanded with instructions to reinstate the trial court’s alimony award.
It is so ordered.
SUNBERG, C. J., and ADKINS and OVERTON, JJ., concur.
BOYD, ENGLAND and ALDERMAN, JJ., dissent.