909 So.2d 546 (2005)
Linda CHIVARI f/k/a Linda Chivari Ferrell, Appellant,
v.
Jason FERRELL, Appellee.
No. 4D04-1366.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
*547 Shelly Stirrat of Fox, Wackeen, Dungey, Sweet, Beard, Sobel & McCluskey, L.L.P., Stuart, for appellant.
Edna L. Caruso of Edna Caruso, P.A., West Palm Beach, for appellee.
KLEIN, J.
Appellant wife argues that the final judgment of dissolution of marriage is per se reversible because the judgment was supplied to the court by the husband. She relies on Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), which we find distinguishable.
In Perlow the trial court made no changes to a twenty-five page final judgment submitted by wife's counsel and signed the judgment two hours after receiving it. The husband, who did not have counsel, was not furnished a copy nor given an opportunity to object. The holding of Perlow was:
(1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law.
875 So.2d at 384.
In the present case, six weeks after the trial, the husband sent the trial judge a proposed judgment and served a copy on the wife's counsel. A month after that, with no objection, the court signed the judgment; however, the court made a change by deleting the provision requiring the wife to pay the husband's attorney's fees. The court wrote in that each party would bear their own attorney's fees and costs. Because of the time differences, because the proposed judgment was furnished to the other side and afforded an opportunity to object, and because of the changes made in the judgment by the court, this case is distinguishable from Perlow.
We have considered the other issue raised by the wife and find it to be without merit. Affirmed.
FARMER and MAY, JJ., concur.