930 So.2d 693 (2006)
Cecilia BRYAN, Appellant,
v.
David A. BRYAN, Appellee.
No. 3D05-520.
District Court of Appeal of Florida, Third District.
April 12, 2006.
Rehearing Denied June 16, 2006.
*694 Carolyn A. Pickard, Coral Gables, for appellant.
Deborah Marks, Miami, for appellee.
Before COPE, C.J., and CORTIÑAS and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The wife, Cecilia Bryan, appeals a final judgment of dissolution of marriage. We affirm.
The husband, David Bryan, filed a petition for dissolution of marriage, and the wife counterclaimed and filed a third party claim against the husband's business, Tropical Falls Landscaping & Maintenance, Inc. ("Tropical Falls"). The wife raised the following claims against the husband: dissolution of marriage; coerced prostitution pursuant to section 796.09, Florida Statutes; and assault and battery. In addition, the wife asserted a claim for breach of contract against Tropical Falls.
This court reversed the initial final judgment and remanded the case to the trial court "for a new final hearing on the dissolution issues." Bryan v. Bryan, 824 So.2d 920, 921 (Fla. 3d DCA 2002). Upon remand, the final hearing was held from September 20 through September 24, 2004, and on December 1, 2004. On September 24, 2004, the courthouse closed at noon due to a hurricane. Prior to closing, however, the parties and the trial court discussed how much time was necessary to complete the final hearing. The husband's counsel stated that he needed enough time to complete "summation and closings." In response, the wife's counsel replied, "We would like to submit to you just a proposed judgment." The trial court agreed, and the husband's counsel stated, "And if we want to, a closing layout?" The wife's counsel responded, "Do it in writing." In response, the trial court stated, "All right."
At the conclusion of the final hearing on December 1, 2004, the trial court did not make any oral findings of fact or conclusions of law. The husband's attorney stated that she needed two weeks to prepare and present a memorandum and proposed final judgment to the trial court. The trial court gave the parties two weeks to submit their proposed final judgments, and an additional week thereafter to file responses.
Both parties submitted proposed final judgments, and the wife filed a response to the husband's proposed final judgment. The trial court entered a ten-page final judgment which is almost verbatim to the husband's proposed final judgment, except for a few changes. The most significant change appears in Paragraph 13 of the final judgment, which addresses the wife's counterclaim for assault and battery. The husband's proposed judgment states, in part: "The Court resolves the differences in the evidence by finding insufficient evidence to sustain the Wife's claims of assault and battery." The final judgment, however, states: "The Court resolves the differences in the evidence by finding sufficient evidence to sustain the Wife's claim of assault and battery, the Wife's testimony on this issue being more credible than the Husband's." Moreover, the trial court awarded $1,000 to the wife on her claim for assault and battery. The wife's motion for rehearing was denied, and this appeal followed.
The wife contends that based upon Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), the trial court reversibly erred because it delegated its decision-making *695 authority to the husband's counsel by adopting virtually verbatim the husband's proposed final judgment, especially in light of the fact that the trial court failed to make any oral findings of fact or conclusions of law on the record. We disagree.
As in the instant case, Perlow involved a dissolution of marriage action in which the trial court made no oral findings of fact or conclusions of law. The similarities, however, end there. In Perlow, Mr. Perlow, a disbarred California attorney, was acting pro se. After approximately fifteen days of testimony, but prior to closing argument, Mr. Perlow asked the trial court whether he should submit a proposed final judgment. The trial court told him that he was not expected to do so, and that if it ruled in his favor, a legal aide from the family division would assist the trial court in drafting the final judgment. The following day, prior to closing argument, Ms. Berg-Perlow's attorney presented the trial court with a twenty-five-page proposed final judgment with six pages of financial exhibits. After closing argument, the trial court asked Mr. Perlow whether he had drafted a proposed final judgment. Mr. Perlow informed the trial court that he had not, but asked whether he could submit one later that same day. The trial court once again told him that it was not necessary. Approximately two hours after the final hearing ended, the trial court signed Ms. Berg-Perlow's proposed final judgment without making any changes, additions, or deletions.
Mr. Perlow appealed the trial court's decision to the Fourth District Court of Appeal, arguing, in part, that the trial court improperly delegated its decision-making authority by adopting verbatim the proposed final judgment submitted by opposing counsel without making any oral findings of fact or conclusions of law on the record. Perlow v. Berg-Perlow, 816 So.2d 210, 217 (Fla. 4th DCA 2002). The Fourth District affirmed, and thereafter, the Florida Supreme Court granted review, finding that the decision was in conflict with Rykiel v. Rykiel, 795 So.2d 90 (Fla. 5th DCA 2000), quashed on other grounds, 838 So.2d 508 (Fla.2003).
The Florida Supreme Court quashed the Fourth District's decision in Perlow holding that:
In a marital dissolution proceeding: (1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgments and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law.
Perlow, 875 So.2d at 384 (emphasis added).
In addressing the verbatim adoption of a party's proposed judgment, the Florida Supreme Court in Perlow held that:
When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party's proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.

*696 ...
While a trial judge may request a proposed final judgment from either or both parties, the opposing party must be given an opportunity to comment or object prior to entry of an order by the court. Moreover, the better practice would be for the trial judge to make some pronouncements on the record of his or her findings and conclusions in order to give guidance for preparation of the proposed final judgment.
Perlow, 875 So.2d at 390 (footnote omitted)(emphasis added).
In finding that there was an appearance that the trial court did not exercise its "independent judgment in the case," the Florida Supreme Court placed a great deal of emphasis on the following facts: (1) the trial court adopted Ms. Berg-Perlow's proposed final judgment without giving Mr. Perlow an opportunity to either object or respond to the proposed final judgment and, in fact, even discouraged Mr. Perlow from filing his own proposed final judgment; (2) the trial court signed Ms. Berg-Perlow's proposed order within two hours of its submission without making any changes, additions, or deletions; and (3) the final judgment was "so one-sided in its findings and conclusions that it could only reflect the views of the party that drafted and proposed it." Perlow, 875 So.2d at 390 n. 5.
The Second District recently noted in In re T.D., 924 So.2d 827, 828 (Fla. 2d DCA 2005), that the Florida Supreme Court had not "established a bright-line rule against the adoption of a party's proposed judgment," and therefore, articulated its position regarding proposed final judgments submitted by parties as follows:
The rule in this district, as elsewhere in Florida, is that we will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge's independent decision-making. However, the fact that the judgment was adopted from a proposal submitted by a party does not, standing alone, raise that possibility.
Id. at 831.
Prior to addressing whether Perlow is factually similar to the facts in the case under review, we note that "[i]n marital dissolution proceedings, it is quite common for the trial judge to request that both sides present a proposed final judgment at the conclusion of the case." Perlow, 875 So.2d at 388. In addition, this procedure is acknowledged in the comments to Canon 3B(7), Florida Code of Judicial Conduct, which provides: "A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions." Therefore, the wife's trial counsel's request to submit a proposed final judgment was nothing out of the ordinary.
Reliance on Perlow does not require reversal as the facts in Perlow differ substantially from those before us. First, the record in the instant case indicates that the trial court actively participated in the final hearing by asking numerous questions and, as noted in the wife's written closing argument, the trial court took notes during the final hearing. Second, the trial court allowed both parties to submit proposed final judgments and responses, and in fact, the wife actually filed a response to the husband's proposed final judgment. Finally, a comparison of the trial court's final judgment and the husband's proposed final judgment indicates that the trial court's final judgment was not a verbatim adoption of the husband's proposed final judgment and that the final judgment was not "so one-sided in its findings and conclusions that it could only *697 reflect the views of the party that drafted and proposed it." Perlow, 875 So.2d at 390 n. 5. The trial court actually ruled in the wife's favor on her claim for assault and battery, even though the husband's proposed final judgment suggested otherwise, and made other substantive changes. See Chivari v. Ferrell, 909 So.2d 546 (Fla. 4th DCA 2005) (holding that Florida Supreme Court's decision in Perlow was distinguishable "because the proposed judgment was furnished to the other side and afforded an opportunity to object, and because of the changes made in the judgment by the court"). Therefore, unlike Perlow, there is no appearance that the trial court did not exercise its "independent judgment in the case." Perlow, 875 So.2d at 390.
Additionally, we note that the procedure employed here, submission of proposed orders by the attorneys, was in fact requested by the wife's attorney! "[U]nder the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal." Goodwin v. State, 751 So.2d 537 (Fla.1999).
We do not specifically address the remaining arguments raised by the wife, as we conclude they lack merit.[1]
Affirmed.
NOTES
[1] The appellant filed a motion seeking to stay the sale of real property and the distribution of personal property. On April 6, 2005, this court granted the appellant's motion pending judicial review. We hereby immediately vacate this order, notwithstanding the filing of any motions for rehearing.