935 So.2d 105 (2006)
Lee HILLIER, Appellant,
v.
CITY OF PLANTATION, a Florida municipal corporation, and Rae Carol Armstrong, individually, Appellees.
No. 4D05-3065.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
Michael R. Piper and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee City of Plantation.
*106 WARNER, J.
Appellant Lee Hillier challenges the trial court's order denying his petition for writ of mandamus and complaint for injunctive relief in which he claimed that the City of Plantation had denied his access to public documents of the City. The trial court found that the City complied with Hillier's requests. Hillier complains that the court's adoption of the City's proposed final judgment constitutes a violation of Perlow v. Berg-Perlow, 875 So.2d 383 (Fla. 2004), and that he was denied access to some documents. Because Hillier was given ample opportunity to review and object to the proposed final judgment, we conclude no error has occurred in adopting the final judgment submitted by the City. As to Hillier's claim that he was denied access to documents, we conclude that the trial court's ruling is supported by competent, substantial evidence. We therefore affirm.
Hillier, a former City Councilman, submitted quite a number of public records requests to the City. The City provided him access to voluminous documents, but Hillier continually contended that it had not provided access to all documents that he had requested. After the complaint had been filed, the court issued an order requiring Hillier to make a listing of specific documents which he claimed had not been supplied. Hillier then amended his claims to include twelve specific items that he was requesting the City to produce.
At the hearing on his requests, Hillier testified to his requests and his belief that he had been denied access to several documents. However, he was unable to confirm or deny that many of these documents existed or that they were in the City's possession. The City's witnesses essentially showed that Hillier had never been denied the opportunity to inspect, examine, or copy any of the records the City held. The City's witnesses testified that some requested documents did not exist. Hillier did not show that they existed, other than by his own statements, which the trial court could choose not to believe. Hillier also admitted to making some vague requests, which he said was his "right."
After presentation of the evidence, the court asked each side to submit written closing arguments. Hillier first submitted a proposed final judgment and then written closing arguments. Four days later the City presented its proposed final judgment and served Hillier with a copy. The trial court adopted the City's proposed final judgment nearly two months later, and this appeal followed.
Hillier argues that the court erred in adopting the City's proposed order verbatim because the court did not make any findings of fact or conclusions of law on the record and did not ask the attorneys to submit a proposed order. In Perlow v. Berg-Perlow, 875 So.2d 383 (Fla. 2004), the supreme court held the trial court erred in adopting a wife's proposed order verbatim without giving the husband an opportunity to comment or object prior to entering the judgment. However, the court did not hold that adoption of a proposed final order verbatim is per se reversible error. Instead, it directed that:
(1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the *107 court's findings of fact and conclusions of law.
Id. at 384. Notably, although Perlow suggests that the trial court indicate on the record its findings of fact, when possible, this is not a mandatory requirement. The essential requirement of Perlow is notice to the other side of the submission of a proposed final judgment and the opportunity to object. See e.g. In re T.D., 924 So.2d 827 (Fla. 2d DCA 2005); Chivari v. Ferrell, 909 So.2d 546 (Fla. 4th DCA 2005); and DeMello v. Buckman, 916 So.2d 882 (Fla. 4th DCA 2005). Reversal is not required simply because the court adopted a final judgment prepared by one of the parties where they have been given sufficient time to prepare and submit judgments and to file objections. See In re T.D., 924 So.2d at 830-31.
Hillier also contends that the court's judgment is not supported by competent, substantial evidence that the City did not deny him access to a multitude of documents. We disagree. Although Hillier testified that he did not receive access to a variety of documents, City witnesses testified that they never denied him access to any documents he requested, if they could understand what he wanted. In addition, they testified that some documents did not exist. Faced with conflicting evidence, the trial court chose to believe the City's witnesses. This is merely a credibility determination, and "it is for the trial court who heard the testimony below, not this court, to evaluate and weigh the credibility of witness testimony and other evidence adduced at trial." Adkins v. Adkins, 650 So.2d 61, 62 (Fla. 3d DCA 1994). There was competent, substantial evidence to support the trial court's judgment. "A trial court's determination will be upheld if it is supported by competent, substantial evidence." Cohen v. Guardianship of Cohen, 896 So.2d 950, 955 (Fla. 4th DCA 2005).
With respect to access to certain litigation files, on appeal Hillier contends that the litigation privilege was improperly invoked to prevent access to these documents. However, that is not the claim he made at trial. Therefore, this issue may not be raised for the first time on appeal. As to Hillier's access to the files once litigation terminated, the trial court's order was supported by competent, substantial evidence.
Affirmed.
GROSS and HAZOURI, JJ., concur.