987 So.2d 753 (2008)
Hector J. CABRERA, Appellant,
v.
Xiomara CABRERA, Appellee.
No. 3D07-3213.
District Court of Appeal of Florida, Third District.
July 9, 2008.
Kenneth M. Kaplan, for appellant.
Nicole E. Mestre, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
Hector J. Cabrera ("the Husband") appeals from a final judgment of dissolution of marriage. We affirm.
Xiomara Cabrera ("the Wife") petitioned for divorce. At the conclusion of the final hearing, the trial court did not make any oral findings or conclusions of law, but instructed the parties to submit written closing arguments. Following the final hearing, the trial court also ordered the parties to submit proposed final judgments of dissolution of marriage.
As instructed, the Wife submitted a proposed final judgment to the trial court, and also sent a copy to the Husband's counsel. Subsequently, the Husband's counsel filed a letter with the trial court objecting to the Wife's proposed final judgment. This letter, however, did not specify the nature of the Husband's objection(s) and the Husband did not attempt to have his "objection(s)" heard by the trial court. Although the Husband was granted an extension of time to file a proposed final judgment, he failed to do so. Approximately two weeks after the Husband's proposed final judgment was due, the trial court entered its final judgment of dissolution of marriage. The Husband's timely appeal followed.
The Husband contends that based on Perlow v. Berg-Perlow, 875 So.2d 383 (Fla. 2004), the trial court reversibly erred because it delegated its decision-making authority *754 to the Wife's counsel when it adopted verbatim the Wife's proposed final judgment, except for entering the amount of monthly permanent periodic alimony awarded to the Wife and the amount of back alimony the Husband owes the Wife. The Husband claims that the adoption of the Wife's proposed final judgment was error, especially in light of the trial court's failure to make oral findings of fact or conclusions of law at the final hearing. We disagree.
In Perlow, the Florida Supreme Court addressed the practice of parties in divorce proceedings submitting proposed final judgments, stating as follows:
[I]n a marital dissolution proceeding: (1) the trial judge may ask both parties or one party to submit a proposed final judgment; (2) if proposed final judgments are filed, each party should be given an opportunity to review the other party's proposed final judgment and make objections; (3) if only one party submits a proposed final judgment, there must be an opportunity for review and objections by the opposing party; and (4) prior to requesting proposed final judgments, the trial judge should, when possible, indicate on the record the court's findings of fact and conclusions of law.
Id. at 384. The Court also addressed the verbatim adoption of a party's proposed final judgment as the final judgment of the trial court, stating:
When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party's proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.
....
While a trial judge may request a proposed final judgment from either or both parties, the opposing party must be given an opportunity to comment or object prior to entry of an order by the court. Moreover, the better practice would be for the trial judge to make some pronouncements on the record of his or her findings and conclusions in order to give guidance for preparation of the proposed final judgment.
Id. at 390 (emphasis added) (footnote omitted).
The Florida Supreme Court in Perlow concluded that there was an appearance that the trial court did not exercise its "independent judgment in the case," id. at 390, and found that the trial court erred when it entered as the final judgment the proposed final judgment prepared by the wife's attorney without giving the husband an opportunity to comment or object. Id. The instant case, however, is factually distinguishable.
First, whereas the trial court in Perlow adopted the wife's proposed final judgment without making any changes, additions, or deletions, in the instant case, the final judgment entered by the trial court was not a verbatim adoption of the Wife's proposed final judgment. In the instant case, the trial court determined the amount of monthly permanent periodic alimony awarded to the Wife and the amount of back alimony the Husband owes the Wife, and inserted these amounts into the final judgment. The trial court also added language to its final judgment when addressing the financial resources of each party and the amount of back alimony owed by the Husband to the Wife. Additionally, the trial court deleted from the final judgment language contained in the Wife's proposed *755 final judgment pertaining to the payment of monthly permanent periodic alimony.
Second, whereas the trial court in Perlow entered the final judgment without giving the husband an opportunity to comment or object to the wife's proposed order or to submit his own proposed final judgment, in the instant case, the Husband was given an opportunity to object; he sent a letter to the trial court indicating that he was objecting to the Wife's proposed final judgment, but failed to identify what he was specifically objecting to; and he failed to submit a proposed final judgment.
Lastly, the record before us indicates that the trial court actively participated in the final hearing. The trial court's active participation in the proceedings supports our conclusion that there is no appearance that the trial court did not exercise its independent judgment when entering the final judgment in the instant case. See Bryan v. Bryan, 930 So.2d 693, 696 (Fla. 3d DCA 2006). Accordingly, we affirm the order under review.
Affirmed.