# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-60
Lower Tribunal No. 17-19029
_____

**Carla Apesteguy,**
Appellant,

vs.

**Maximiliano Keglevich, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Coral Way Law Center, and Miguel San Pedro and Ana Cristina Berenguer, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale); Wallen | Kelley, and Todd L. Wallen, for appellees.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

EMAS, C.J.

The former wife, Carla Apesteguy, appeals from a final judgment of dissolution of marriage from her former husband, Maximiliano Keglevich. The final judgment made equitable distribution determinations, awarded alimony and child support, found entitlement to attorney's fees, and entered judgment in favor of third-party defendant Casa Bianca Miami, LLC. For the reasons that follow, we affirm in part and dismiss in part.

## FACTS AND PROCEDURAL BACKGROUND

The couple was married in 2013 in Argentina. They had two children together, both of whom were born prior to the marriage. The family moved to Miami in 2013, and Apesteguy and Keglevich separated in 2015.

In August 2017, the former wife filed a Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children. Three months later, the former wife filed a verified petition for dissolution of marriage. The former husband counter-petitioned for dissolution of marriage, and the former wife thereafter filed an amended verified petition for dissolution.

Throughout the course of the parties' short marriage, the former wife did not work, and the former husband was the sole wage earner. He also had significant premarital assets, which he frequently utilized to support the family. Following the separation and dissolution proceedings, the former

2

husband continued to provide support to the former wife and the children, also contributing to her attorney's fees and accountant fees. But during the dissolution proceedings, the former husband urged the former wife to curtail her spending habits due to a decline in his income. During the proceedings below, the former husband attempted to reach a settlement with the former wife, but she refused, failing to attend the scheduled mediation or to participate in discovery until the eve of trial.

Following a three-day trial, the trial court entered its final judgment, distributing the marital assets, establishing child support amounts, and awarding the former wife lump sum alimony. This appeal followed, and the former wife asserts the trial court abused its discretion in:

(1)     Denying her motion for a continuance of the trial
(2)     Making equitable distribution determinations
(3)     Awarding alimony and child support
(4)     Finding for the former husband on entitlement to attorney's fees
(5)     Adopting the former husband's proposed final order verbatim

## ANALYSIS AND DISCUSSION

*1) The former wife's motion for continuance of the trial*

We review this issue for an abuse of discretion. Taylor v. Mazda Motor of Am., Inc., 934 So. 2d 518, 520 (Fla. 3d DCA 2005). The motion to continue the trial was the former wife's third such motion, and was filed less

3

than an hour before commencement of the trial. The motion sought a continuance because the former wife claimed to have "discovered" evidence that the former husband was not in Miami (as he testified to in a deposition taken months earlier) when he signed a loan agreement for a piece of property in Key Largo (property which the former wife contended was marital and which the former husband contended was nonmarital). The former wife indicated she needed a continuance to translate certain documents (from Portuguese) and prepare them for introduction and use at trial, in order to impeach the former husband on this point.

In determining whether the trial court abused its discretion in denying a motion for continuance, the trial court considers, inter alia, whether the denial created an injustice for the movant, whether it was unforeseeable by the movant and not the result of dilatory conduct, and whether the nonmoving party would suffer prejudice or inconvenience as a result of the continuance. See Fleming v. Fleming, 710 So. 2d 601 (Fla. 4th DCA 1998).

The former wife had this information (and related documentation) in her possession for at least five months, as it was provided to her counsel during discovery. That the former wife failed to act with diligence in preparing the impeachment documents in advance of the trial was properly rejected by the trial court as good cause for the late-hour continuance. Moreover, the

4

former husband admitted during his testimony at trial that he was not in the United States on the date in question, thus negating any arguable prejudice flowing from the court's decision to deny the requested continuance. The transcript evidences that the trial court viewed this continuance request as dilatory conduct consistent with the former wife's prior conduct, which included efforts to delay and a refusal to cooperate in the pretrial discovery process. The court rejected this latest, last-minute attempt, concluding that the former husband would suffer prejudice if it granted another continuance, this one at the very precipice of trial. We find no abuse of discretion in the trial court's determinations.

## 2) *Equitable distribution of marital assets*

Generally, we review a trial court's equitable distribution determination for an abuse of discretion. Viscito v. Viscito, 214 So. 3d 736 (Fla. 3d DCA 2017). The factual determination regarding whether property is marital or not must be supported by competent substantial evidence. Van Maerssen v. Gerdts, 295 So. 3d 819, 823 (Fla. 4th DCA 2020). "Where 'there is substantial competent evidence to support the trial court's findings, the appellate court cannot' substitute its judgment for that of the trial court." Id.

The former wife challenges the distribution of a property in Argentina, and a property in Key Largo, Florida.[1] The trial court determined that neither of these was a marital asset subject to equitable distribution. We find no abuse of discretion.

The Argentine property. As to the Argentine property, the former husband testified he purchased it prior to the marriage. Although the family lived there for a few days prior to relocating to Miami, the property was thereafter sold, and the former husband testified that all proceeds from that sale had been used to support the children and the former wife. The former wife presented no testimony or other evidence to rebut or contradict the former husband's testimony.[2]

---

[1] The former wife also contends that the appreciation in value of a car rental company was a marital asset subject to equitable distribution. We affirm on that claim without further discussion, as this issue was not properly preserved. See Smith v. Smith, 273 So. 3d 1168, 1171 (Fla. 1st DCA 2019) (holding that party must alert the trial court, via motion for rehearing, to an error which appears for the first time on the face of a final order or the issue is not preserved for appeal). See also Chiu v. Wells Fargo Bank, N.A., 242 So. 3d 461 (Fla. 3d DCA 2018); Hall v. Marion Cty. Bd. of Cty. Comm'rs, 236 So. 3d 1147 (Fla. 5th DCA 2018).

[2] The former wife also contends that there was rental income derived from the property which should have been deemed a marital asset. Even if true—and rental income was derived from the property and deemed a marital asset—the unrebutted evidence was that such income had long ago been spent to pay family expenses.

6

The Key Largo property. The Key Largo property was owned by Casa Bianca Miami, LLC, which was joined as a third-party defendant to this action upon the former wife's allegation that the company (together with its sole asset, the Key Largo property) constituted marital property which was transferred to the former husband's father to avoid equitable distribution.

The testimony at trial was that Casa Bianca Miami was formed by the former husband shortly after the marriage; the Key Largo property was purchased by Casa Bianca Miami in 2013 (also shortly after the marriage); none of the funds used for the purchase were marital funds, but were provided to the former husband by his father, Nicholas Keglevich, pursuant to a written agreement. Under the terms of the written agreement (which was introduced at trial), if the former husband failed to repay the loan by July 19, 2016, all interest in the Key Largo property and in Casa Bianca Miami LLC was to be transferred to his father. The evidence presented at trial was that the former husband failed to make the required loan payments and, as a result, in 2016 (prior to the former wife's filing of the dissolution petition), the Key Largo property was transferred to Nicolas Keglevich in repayment of the loan. The trial court determined the former husband's father fully funded the purchase of the Key Largo property, that none of the funds used to purchase or improve the property were marital funds, and that the property

7

was not a marital asset. The record contains competent substantial evidence to supports these determinations, and we find no abuse of discretion.

### 3) *Alimony and Child Support Awards*

We review the trial court's alimony and child support awards for an abuse of discretion. Weiner v. Weiner, 403 So. 2d 408, 409 (Fla. 1981) (holding: "An appellate court may reverse an inadequate award of alimony when there has been a clear abuse of discretion by the trial judge"); Castillo v. Castillo, 59 So. 3d 221, 221 (Fla. 3d DCA 2011) (observing: "Where a decision is within the judicial discretion of the trial judge, as in determining the amount of alimony or child support, the standard for appellate review is abuse of discretion. Viewed as a matter of discretion, on appeal we can reverse only if no reasonable judge would have decided as this one did. The standard of review for a child support award is abuse of discretion.")

In the final judgment, the trial court awarded the former wife lump sum alimony in the amount of $12,000, plus money to cover her rent obligation, up to $3000 per month for twelve consecutive months. The trial court also awarded $1000 per month in child support, with an automatic, one-half reduction when the eldest child emancipates. Finally, the court ordered the former husband to pay all the children's reasonable, agreed upon, uncovered expenses.

The former wife asserts that even though this was a short-term marriage, the court failed to consider the extravagant standard of living established during the marriage under section 61.08(2)(a), Florida Statutes (2019). She also challenges the former husband's financial affidavit and his expert's testimony.

Contrary to the former wife's contention, the court clearly did consider the couple's lifestyle, as can be readily seen in the detailed final judgment, where the court meticulously considered the factors enumerated in section 61.08(2)(a)-(j) in reaching its ultimate determinations. Indeed, the court even noted that, based on the short length of the marriage and her refusal to accede to the former husband's request to curtail spending due to the declining financial situation (an assessment supported by the record), the trial court did not believe the former wife was entitled to <u>any</u> alimony. However, because the former husband had in fact offered to pay the former wife the above-described amounts as alimony, the court awarded it in the final judgment. The former wife's arguments in this regard are without merit.

Finally, although the former wife includes the child support award as one of the issues to be raised on appeal, she advances no such argument in her brief. The former wife has thus waived this issue for appeal. <u>See</u> <u>Simmons v. State</u>, 934 So. 2d 1100, 1111 n. 12 (Fla. 2006); <u>Singer v.</u>

Borbua, 497 So. 2d 279, 281 (Fla. 3d DCA 1986) (holding that "in order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely and separately as points on appeal"); Florida Emergency Physicians-Kang & Assoc., M.D., P.A. v. Parker, 800 So. 2d 631, 636 (Fla. 5th DCA 2001) (noting: "We do not address issues not clearly set out in the issues on appeal").

### 4) *The Finding of Entitlement to Attorney's Fees*

The former wife argues on appeal that the trial court erred in finding the former husband was entitled to an award of attorney's fees. However, because the trial court merely granted entitlement to fees, but has not yet awarded an amount of fees in a final judgment, we are without jurisdiction to address the merits of this interlocutory order. See Diaz v. Citizens Prop. Ins. Corp., 227 So. 3d 735 (Fla. 3d DCA 2017). We therefore dismiss this portion of the appeal as a premature appeal from a nonfinal order.

### CONCLUSION

We dismiss, for lack of jurisdiction, that portion of the appeal which challenges the trial court's determination of entitlement (only) to attorney's fees, without prejudice to appealing from a final judgment that determines

10

both entitlement and amount.  In all other respects, we affirm the final judgment of the trial court.[3]

---

[3] We find no merit in the former wife's remaining claim that the trial court abused its discretion in adopting the final judgment proposed by the former husband, and affirm that claim without further discussion.  See Empire World Towers, LLC v. CDR Creances, S.A.S., 89 So. 3d 1034, 1045 (Fla. 3d DCA 2012); Cabrera v. Cabrera, 987 So. 2d 753 (Fla. 3d DCA 2008); Bryan v. Bryan, 930 So. 2d 693 (Fla. 3d DCA 2006).