DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FUNDERDOME, LLC, GARY PALMER,** and **OLEKSANDRA PALMER,**
Appellants,

v.

**WOOLBRIGHT DEVELOPMENT, INC.** and **SOUTHPORT RETAIL, LLC,**
Appellees.

No. 4D21-3088

[May 3, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips and Sandra Perlman, Judges; L.T. Case No. CACE14-21386.

Evelina Libhen of Evelina Libhen, P.A., Miami, Paul A. McKenna of Paul A. McKenna & Associates, P.A., Miami, and Charles M. Auslander of Crabtree & Auslander, Key Biscayne, for appellants.

Ricardo A. Reyes, Adrian J. Alvarez and Sacha A. Boegem of Tobin, Reyes, Alvarez & De Biase, PLLC, Boca Raton, for appellees.

*ON MOTIONS FOR REHEARING,*
*REHEARING EN BANC, CLARIFICATION, AND*
*CERTIFICATION TO THE SUPREME COURT OF FLORIDA*

KUNTZ, J.

The parties filed multiple motions and responses directed to our February 15, 2023 opinion. Funderdome, LLC, Gary Palmer and Oleksandra Palmer move for rehearing, rehearing en banc, and certification to the Supreme Court of Florida. Southport Retail, LLC moves for rehearing and/or clarification of the opinion. We deny the motions filed by Funderdome, LLC, Gary Palmer and Oleksandra Palmer. We grant Southport Retail, LLC's motion for clarification in part, withdraw our prior opinion, and substitute this opinion in its place.

A tenant, Funderdome, LLC, appeals the circuit court's summary judgment order entered in favor of the leasing agent, Woolbright Development, Inc. The tenant also appeals the circuit court's summary

judgment for damages on the landlord, Southport Retail's counterclaim. We affirm the summary judgment on the tenant's complaint, reverse the summary judgment on the landlord's counterclaim, and remand for further proceedings.

The tenant and landlord entered into a commercial lease agreement for more than 8,000 square feet of rental space in the landlord's shopping center located in Fort Lauderdale. Before executing the lease, the tenant had several discussions with the leasing agent. It is the lease and the lease negotiations that are at issue in this appeal.

## A. The Court Correctly Entered Judgment Against Funderdome on the Claims in Its Complaint – But for the Wrong Reasons

The tenant filed a complaint alleging that the leasing agent made fraudulent or negligent representations about the adequacy of on-site parking, and that those representations induced the tenant to enter the lease.

The leasing agent moved for summary judgment, and the circuit judge took the motion under advisement. Later, the leasing agent sent an unsolicited proposed order granting the summary judgment motion to the judge. The following morning, the judge signed the proposed order granting the leasing agent's summary judgment motion without allowing the tenant a chance to respond. Based on the judge's entry of the unsolicited order, the tenant successfully moved to disqualify the judge, and a successor judge was assigned to the case. The tenant sought reconsideration before the successor judge based on the prior judge's entry of the unsolicited order.

We agree with the tenant that the successor judge should have granted reconsideration of the prior judge's entry of the unsolicited order. The leasing agent's counsel violated the requirements for submitting a proposed order outlined in *Perlow v. Berg-Perlow,* 875 So. 2d 383, 384 (Fla. 2004), as well as the prior judge's posted rules. The successor judge should have granted reconsideration and independently reviewed the issues presented. *See Chivari v. Ferrell,* 909 So. 2d 546, 547 (Fla. 4th DCA 2005) (quoting *Perlow,* 875 So. 2d at 384); *Empire World Towers, LLC v. CDR Créances, S.A.S.,* 89 So. 3d 1034, 1045 (Fla. 3d DCA 2012) (quoting *Perlow,* 875 So. 2d at 388–91).

Notwithstanding this error, we are compelled to affirm the summary judgment order on the tenant's claims based on the "tipsy coachman doctrine." *Dade Cnty. Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638,

2

644–45 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

The lease bars the tenant's claim that the leasing agent misrepresented the adequacy of parking in pre-lease discussions. The lease was subject to a Use Approval Contingency that required the City of Fort Lauderdale's approval. The tenant's managing member testified that parking was essential to the Use Approval Contingency:

> Q. Okay. Going back to the Use Approval Contingency, Section 7 of the lease rider, how did you know that the approval would include parking? Was that something that was told?
>
> A. Come on, you know this. You know that the use approval is a parking -- in the parking calculations are a fundamental component of use approval. Why are you asking me this question? I don't understand what -- either I don't understand the question or I don't get it.
>
> Q. It was an obvious fact to you that the use approval would include confirming that the parking was sufficient under Fort Lauderdale code?
>
> A. I wouldn't say sufficient under Fort Lauderdale code, but met whatever zoning requirement existed for the use of the premises.

The lease also stated that it was the entire agreement between the parties and that the tenant warranted it had not relied on any representations other than those in the lease.

A party cannot recover for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract. *See Hillcrest P. Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999). In this case, the tenant's fraud claims are specifically negated under the lease. So we must affirm the court's summary judgment on the tenant's fraud and misrepresentation claims.

### B. The Court Erred When It Entered Summary Judgment on The Landlord's Counterclaim

The landlord counterclaimed against the tenant for breach of the lease. The landlord moved for summary judgment and argued the tenant underpaid its rent obligations, including Common Area Maintenance (CAM) Reconciliations, from November 2013 through September 2017. The tenant responded that from the start of the lease, it was incorrectly billed for rent, including CAM charges, based on a non-anchor tenant rate. The circuit court entered summary judgment for the landlord.

On appeal, the tenant argues the circuit court misinterpreted the plain language of the lease and, as a result, miscalculated damages. We agree.

The landlord supported its summary judgment motion with an affidavit from the leasing agent's property manager. According to the affidavit, the landlord followed the precise formula set forth in section 2.3 of the lease. But section 1.1(k) of the lease, titled "Operating Expenses," stated that "[t]his is a fully net lease and Tenant shall pay its [p]roportionate [s]hare of [o]perating [e]xpenses as defined in and [in] accordance with Section 2.3 of th[e] Lease." And section 2.3 of the lease defined "proportionate share" as the fraction of the total number of rentable square feet of floor area of the Leased Premises, divided by the rentable square feet of the floor area of the Shopping Center as a whole, less the floor area of any premises leased to "anchor" tenants. Finally, the lease defined "anchor tenants" as all tenants occupying bays in the Shopping Center that were more than 8,000 rentable square feet.

In summary, these three provisions required the tenant to pay a proportionate percentage of operating expenses, and the calculation of the proportionate percentage changed depending on whether the tenant occupied more than 8,000 rentable square feet. As applied here, the record evidence established the tenant occupied more than 8,000 rentable square feet and was an anchor tenant. On remand, the court must calculate the tenant's proportionate share as an anchor tenant.

Therefore, on the landlord's counterclaim, we reverse the summary judgment in the landlord's favor and remand for further proceedings.

4

### *C. Conclusion*

We affirm the circuit court's summary judgment on the tenant's complaint, reverse the circuit court's summary judgment on the landlord's counterclaim, and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

\*       \*       \*

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***