# Third District Court of Appeal
## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2329
Lower Tribunal No. 22-22629-CA-01
_____

**First Florida International, LLC, et al.,**
Appellants,

vs.

**Oleg Semenov, P.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Alonso Appeals, and Cristina Alonso; Kelley Kronenberg, and Angelo A. Gasparri, II, (Fort Lauderdale), for appellants.

Wolff Law, P.A., and David E. Wolff (Hallandale Beach); Law Offices of Joshua D. Clark, P.A., and Joshua D. Clark (Fort Lauderdale), for appellee.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

PER CURIAM.

At the heart of this dispute is a mistaken $300,000 wire transfer. After Appellee Oleg Semenov sent the funds in error, Appellant First Florida International, LLC refused to refund the money. Semenov sued, triggering a bitter legal conflict.

Semenov eventually moved for sanctions and sought a default judgment. The trial court held an extensive evidentiary hearing over several months—during which First Florida International cycled through legal representation. Ultimately, the trial court analyzed the Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993) factors in a comprehensive order, entering a final default judgment and awarding both damages and attorney's fees.

First Florida International's former counsel subsequently moved for rehearing, asserting the right to appear and present evidence. The trial court granted the motion, vacated the final default judgment, and convened a second evidentiary hearing. But the court narrowed the scope of this hearing, limiting the evidence to the fifth Kozel factor.

After the hearing, the trial court issued an exhaustive twenty-three-page, amended final default judgment, which again awarded attorney's fees and assessed damages. The amended order primarily integrated new evidence concerning the withdrawn attorney. To address any concerns regarding the drafting of the order, the court included a footnote stating that

the judgment constituted its "independent ruling," despite having received and reviewed proposed orders from both litigants.

On appeal, First Florida International raises a litany of challenges to the final default judgment. Finding none of these arguments meritorious, we affirm the trial court's ruling in all respects. See Kozel, 629 So. 2d at 818 ("To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors . . . 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration."); Rhoades v. Rodriguez, 359 So. 3d 359, 362 (Fla. 5th DCA 2023) (noting trial court properly considered that other judges have found misconduct on the part of the attorney); Celebrity Cruises, Inc. v. Fernandes, 149 So. 3d 744, 751 (Fla. 3d DCA 2014) ("Moreover, to ensure that a litigant is not unduly punished for failures of counsel, a trial court must consider those factors delineated by the Florida Supreme Court in Kozel to determine whether

3

dismissal or striking of a party's pleadings is an appropriate sanction for an attorney's rather than a client's behavior."); Cabrera v. Cabrera, 987 So. 2d 753, 755 (Fla. 3d DCA 2008) ("The trial court's active participation in the proceedings supports our conclusion that there is no appearance that the trial court did not exercise its independent judgment when entering the final judgment in the instant case."); Bryan v. Bryan, 930 So. 2d 693, 696 (Fla. 3d DCA 2006) (rejecting argument that trial court violated Perlow[1] where trial court actively participated by asking questions and taking notes); see also Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985) ("Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no 'finding of fact' needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict."); § 57.105, Fla. Stat. (2024).

Affirmed.

---

[1] See Perlow v. Berg-Perlow, 875 So. 2d 383 (Fla. 2004).